## BECK *v.* BIGGERS.

Opinion delivered March 25, 1899.

1. PUBLIC ROAD—NOTICE OF VIEWERS' MEETING—WAIVER.—A landowner, appearing at a meeting of the viewers appointed to view and locate a public road and assess damages, and filing exceptions thereto, does not · thereby waive his right to five days' notice of such meeting, given by Sand & H. Dig. ₰ 2823. (Page 295.)

2. SAME—DESCRIPTION—SUFFICIENCY.—An order establishing a public road will be set aside on appeal if the terminal and intermediate points of the route are described in such order, and in the report of the viewers on which it is based, with such indefiniteness that it would be difficult, if not impossible, to determine therefrom the true location of the road. (Page 295.)

3. SAME—DISQUALIFICATION OF VIEWERS.—The statute which requires the county court to appoint "three disinterested citizens of the county as viewers" to lay out a proposed public road, and to determine whether the public convenience requires that such road be established, and also to determine what damages will be suffered by the landowners affected (Sand. & H. Dig. ₰₰ 2820, 2822), is violated by the appointment as viewers of the father-in-law and brother of the principal petitioner for the road, who had entered into a bond to the county to pay all costs and expenses of the application if the petition was denied. (Page 296.)

4. APPEAL—WHEN APPELLANT CAN NOT COMPLAIN.—Appellant can not complain of the introduction of incompetent testimony by his adversary if he first introduced evidence of the same kind. (Page 296.)

Appeal from Sharp Circuit Court.

JOHN B. McCALEB, Judge.

*Carmichael & Seawel*, for appellant.

In condemnation proceedings the statute must be closely followed. 1 S. W. 216; 96 Mo. 39; 14 Pac. 140; 13 S. W. 1027. The petition should have specified the place of beginning, the intermediate points and place of termination of the road; and none of these places are adequately described by saying they are "near" to a certain place or thing. Sand. & H. Dig. § 2818; 34 Ark. 224; 4 Ore. 47; 47 N. W. 633; 50 Ind. 583; 47 Mich. 460; 58 Ind. 64; 19 Hun, 263; 73 Ind. 455; 59 Ark. 344; End. Int. Stat., § 435; 9 Am. & Eng. Enc. Law, 370. The giving of the required notice to landowners must appear from the report of the viewers. Sand. & H. Dig. § 2823; 44 N. W. 677; 42 N. W. 814; 10 R. I. 461. The description in the report should conform to that in the petition. 49 Cal. 672; 37 Atl. 1111; Sand. & H. Dig. § 2824; 50 N. E. 118; 58 Ill. 422; 109 Ill. 379. The viewers should have taken with them chain-carriers, and markers are required by statute. 43 N. W. 648; 41 N. W. 885; 7 Atl. 772. All the landowners concerned must be legally notified before a valid establishment of a road can be made. 32 Mich. 43; 7 Hun, 17; 18 Kas. 129; 96 Mo. 39; 14 Pac. 140. The mere presence of appellant, without any legal notice, was no waiver of same. 13 S. W. 1027; 42 S. W. 814; 16 Wis. 519, 522; 9 Am. & Eng. Enc. Law, 372; 43 S. W. 35. Relatives of the principal petitioner are not "disinterested" viewers. Sand. & H. Dig. § 2827; 23 Ill. 645; 44 Ind. 356; 11 Me. 473; 59 Me. 262; 53 Me. 387; 105 *id.* 225; 6 Am. & Eng. Enc. Law, 617; 36 Atl. 554; 19 Atl. 855; 50 Ind. 537; 31 Atl. 74.

*Sam H. Davidson*, for appellees.

If appellant wished to attack the proceedings, he should have remained away and quashed them by certiorari. 12 S. W. 570; 42 S. W. 127. His appearance before the viewers waived

notice.   30 Kas. 581;  35 Ark. 276.   Their relationship to one
of the parties did not disqualify the viewers.   47 Ark. 441.   It
is sufficient if the order describes the road with sufficient cer-
tainty to locate it.   3 Ark. 18;  30 Ark. 640;  30 Ark. 657;
58 Ark. 172.   The description was sufficient in this case.   22
S. W. 82;  37 S. W. 872;  30 S. W. 518;  67 Wis. 285;  73
Ind. 454;  114 Pa. St. 627;  78 Me. 153;  45 N. Y. 332;  78
Mo. 399;  94 Ind. 187;  95 Ind. 53;  9 Am. & Eng. Enc. Law,
370, 371.

BUNN, C. J.   This is an appeal from the Sharp county
circuit court, upon a judgment therein rendered affirming an
order of the county court establishing a public road, and assess-
ing damages to real estate belonging to appellant occasioned by
the location over the same of said road.

When the viewers appointed by the county court filed their
report therein, J. E. Beck, one of the landowners whose lands
were affected by the location of the road, filed his exceptions to
the report, stating that he was owner of a portion of the land
over which the road was located by the viewers, and that none
of the petitioners gave him the notice required by law of the
time and place of meeting of the viewers, and of the substance
of the petition upon which the proceedings were had, and that
no lawful notice was given to the non-resident owners of lands
affected; that the viewers did not assess to him adequate and
sufficient damages for the taking of his land; that two of the
viewers were near of kin to R. S. Biggers, the principal
petitioner; and that the viewers in their said report did not de-
scribe the route of the road as the same was actually viewed and
laid out.

The court held that the report was defective, because the
viewers had not viewed the road with reference to the land of
W. H. Wallace, and other non-residents affected thereby, and,
without acting on the exceptions of Beck, otherwise re-com-
mitted the matter to the viewers, to perfect their view and
make report at a subsequent time.   Two of the viewers,
Dougherty and McCobb (the other being sick and unable to
attend their meetings), viewed and made a supplemental report,
exhibiting therewith the proof of publication of the notice to

Wallace and other non-residents, which appears to have been made in substantial compliance to the statute.

Beck then renewed his exceptions to the whole report, and on the 26th of January, 1897, the court heard the whole matter, and made an order establishing said road substantially as recommended by the viewers, making the same sixteen feet wide, and assessing damages to Beck in the sum of ten dollars, and to others as the viewers had recommended; and Beck and Wallace appealed, but Beck alone followed up his appeal to the circuit court, where the proceedings in the county court were affirmed, substantially. Beck filed his motion for new trial, reiterating therein his exceptions aforesaid, and setting up the formal grounds, and also that the court erred in admitting the testimony of certain witnesses, because they gave their conclusions as to the amount of damages, and not the facts upon which the same were based, and because the court erred in refusing to give instruction No. 1 asked by him.

There does not appear to have been any notice, as required by statute, of the intended presentation of the petition, but this does not appear to have been excepted to, except inferentially.

The appellant Beck, as a landowner, was not notified in writing by the principal petitioner five days previous to the meeting of the viewers for the purpose of viewing and locating the road; but it is contended that, having been notified on the day of the meeting, and having responded thereto by being present and taking part in said location, this defect was immaterial and without prejudice to his rights. Whether taking part as he did was a waiver of the statutory notice presents a question of some little doubt, but we are inclined to think that the particular part he took in the matter could not be regarded as a waiver of his right to lawful notice. The case of *Howard* v. *State*, 47 Ark. 441, cited by counsel, was a case of mere collateral attack upon the order of the county court establishing the road, and for that reason is not applicable to a case like this of direct attack on appeal.

Again, whether the route of the road was set forth in the report of the viewers, as really fixed by them, it is impossible for us to determine from this record; but the description of the

terminal and intermediate points of the route contained in said reports, and in the order of the court based thereon, is certainly indefinite enough, and a stranger, even with the aid of compass and chain, could with difficulty, if at all, certainly determine what was the true location of the road. This being true, the description is too indefinite to meet the requirements of the law.

Again, the appointment of viewers nearly related by affinity and consanguinity to the active promoters of the road, such as were M. C. Dougherty, the father-in-law, and M. L. Biggers, the brother of R. L. Biggers, the principal petitioner, was certainly not within the meaning and spirit of the statute, which requires the viewers to be disinterested persons. These viewers are clothed with the power and duty of not only locating the road, but also of assessing damages to landowners affected. R. L. Biggers was liable to pay the costs and expenses if the petition was not granted, having given a bond to that effect, as required by the statute. His father-in-law and brother could hardly be said to constitute an impartial jury in such a case.

The admission of the testimony of certain witnesses, made a matter of objection in the sixth ground of the motion for new trial, was improper; but, as the appellant had been guilty of the first error in this direction, he cannot be heard to complain of what followed upon his own act.

The eighth ground of the motion for new trial is the refusal of the court to give instruction No. 1 asked by respondent Beck, which reads as follows, to-wit: "The jury are further instructed that if you find, from a preponderance of the evidence in this case, that the route viewed and laid out by the viewers is an impracticable route, you are authorized to find for the defendant." There was no sufficient evidence upon which to base this instruction. In fact, the refusal to give it is not insisted on in the argument.

The first, second and third grounds of motion for new trial are merely the formal grounds. The fourth ground is an objection to the finding of the jury as to the amount of damages, which we could not control when the proceedings were otherwise regular and valid, and when the cause was properly submitted to them.

The fifth, seventh, eighth and ninth grounds are mere re-iterations of the exceptions to the reports of the viewers and proceedings in the county court, which we have disposed of already.

For the errors named, the judgment of the circuit court is reversed, and cause remanded, with instructions to proceed to rehear the cause, not inconsistently herewith, and in accordance with section 2830 of Sandels & Hill's Digest.