BAGNELL TIMBER COMPANY v. SPANN.

Opinion delivered March 11, 1912.

SALE OF CHATTELS—EFFECT OF UNACCEPTED PROPOSITION.—A mere proposition by one to buy certain property at a price named, without any acceptance by the other, does not constitute a binding contract of sale.

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; reversed.

STATEMENT BY THE COURT.

The plaintiff, R. Spann, brought suit against the timber company for damages for failure to inspect and receive certain railroad ties, which he claimed to have gotten out for them under contract.

If any contract was made, it was by correspondence, and it was alleged that the contract was as follows:

"St. Louis, Mo., June 27, 1908.

"Mr. R. Spann, Kelso, Ark.

"Dear Sir: Your letter of the 26th received, and, replying to same, would advise that we will take all the white oak ties you can get us out at or near Kelso the balance of this year at thirty-two cents for first class and fifteen cents for culls for strictly white, post and burr oak ties to be well made and full up 6x8x8, and delivered on the right-of-way at or near grade where they can be loaded. We also wish to say that we can take all the red and black oak ties you can get us out the balance of this year at or near Kelso at twenty-five cents for first class and ten cents for culls, delivered on the right-of-way at or near grade.

"Yours truly,
"C. E. Meyers, Secretary."

And further:

"Plaintiff says that under the above contract, relying upon the defendant to comply with it in all respects, he employed men and teams at great expense and loss of time to get out said ties and deliver them upon the right-of-way of the said railroad. This was all done in due time and the ties mentioned in "Exhibit A" were all delivered according to contract. After said ties were delivered he demanded of defendant that it come or send an inspector and inspect the ties and pay him for the same, and that it promised often to do so, but failed, and still fails, to inspect the ties and pay him for them."

"Exhibit A" to the complaint was an account against the company debtor to R. Spann, 1908, as follows:

Bagnell Tie Company, Dr. to R. Spann, 1908.

| | |
|---|---:|
| December 1—To 2,640 Cypress Ties, 32 | $ 844.80 |
| December 1—To 1,854 White Oak Ties, 32 | 592.00 |
| December 1—To 1,280 Red Oak Ties, 25 | 320.00 |
| | $1,756.80 |

subject to inspection.

"R. Spann states the above account is just and true, and due to him, *subject to inspection*, and the said ties have all been delivered upon the right-of-way of the M., H. & L. Railroad, and that he has often demanded of the debtor to inspect the ties according to contract, and inspection has never been made.

"R. Spann."

A general demurerr was filed to the complaint; also an amended and supplemental answer. The company denied any indebtedness whatever to plaintiff; that he made or delivered upon the right-of-way of the M., H. & L. Railroad the ties mentioned in "Exhibit A" to the complaint, or that any ties were so made and delivered to the defendant under or by virtue of any contract with it; denied that the plaintiff delivered to the defendant any ties of the kinds or grades or sizes set out in the letter of its secretary, made a part of the complaint, that he ever had any ties that would come within such grades that were free from lien; that the ties he did make were inferior and did not come up to the specifications, and that he recognized he did not have any contract with the defendant, and attempted to sell them to the Western Tie Company and others. In the supplemental answer the defendant admits that its secretary wrote the letter on June 27, set out in the complaint, but denied that it entered into any contract with the plaintiff as to the ties, and stated that the letter was written to him in answer to an inquiry as to what they would pay for ties on the right-of-way and also stating that the Western Tie & Timber Company are paying 32 cents here. That to that letter Spann responded on the 29th, as follows:

"Kelso, Ark., June 29, 1908.
"Bagnell Timber Company, St. Louis, Mo.

"Dear Sir: Yours 27th received. Please let me know when you will take my ties. Will you advance the hauling, ten cents each? I have 3,000 cypress ties also. Awaiting your pleasure, I am, respectfully,          R. Spann."

Denied that any contract was made, or that plaintiff employed teams and men at any expense or loss of time to get out the ties for the defendant; denied that any ties were delivered upon the right-of-way of the railroad or any point mentioned in the Meyers letter, or made for or delivered to defendant. It says that the correspondence amounted only to negotiations relative to making a contract which was never made, that the plaintiff during the time mentioned in the Meyers letter hauled ties for other persons and sold and disposed of his ties without regard to any contract with this defendant.

The testimony shows that it was the custom of the tie company to take and pay for such ties gotten out for and sold

to it as were inspected by the railroad company's tie inspector and subject only to such inspection. That none of the ties claimed to have been made for and delivered to the defendant by plaintiff had ever been inspected by any railroad tie inspector, or at all. There was some testimony tending to show that some of the ties claimed to have been made by plaintiff would come within the specifications of the Meyers letter, and would be of the value of the prices fixed therein, that plaintiff had notified the company of the ties being delivered and asked for an inspection thereof, all of which was denied by the company.

The court instructed the jury and it returned a verdict with interest, amounting to $762.35. From the judgment thereon defendant appealed.

*X. O. Pindall*, for appellant.

1.   The letter sued on was not a contract, and the demurrer to the complaint should have been sustained. 10 S. D. 611; 187 Pa. St. 18, 67 Am. St. Rep. 563; 5 Am. St. Rep. 103; 30 Ark. 194.

2.   If all the correspondence could be held to constitute a contract, still the custom as to inspection would control. 45 La. Ann. 920; 40 Am. St. Rep. 40; 86 Ga. 408; 9 Wash. 614; 107 Cal. 327; 18 Cal. 208.

*J. W. Dickinson*, for appellee.

KIRBY, J., (after stating the facts). It is contended by appellant that it made no contract with appellee for the delivery of the ties to it, and with this contention we agree. Certainly, the letter expressing a willingness to take all the ties of certain kinds, grades and specifications that appellee might make and deliver at the designated place along the right-of-way of the railroad line can not be held a contract, and all the correspondence between the parties does not, in our opinion, show any contract of sale of the ties. Nowhere did appellee agree to sell any ties whatever to appellant nor to make or deliver to appellant any number of ties, within a specified time, or at all. In other words, from the entire correspondence it appears only that the company offered to take and pay the price designated. for the ties, coming within the specifications mentioned in the letter, along the right-of-way in accordance with the terms, and would even advance ten cents per tie for the cost of hauling

to the right-of-way, but it made no advance whatever, neither was it asked to do so, nor did appellee accept such offer or agree to furnish it any ties whatever, nor notify the company that he intended to or would do so, neither was he bound under the circumstances to sell or deliver to the company any ties at all. Not being bound himself to the sale or delivery of the ties, there was no contract between the parties, since it was not binding upon both of them. *Eustice* v. *Meytrott,* 100 Ark. 510; *Turner* v. *Baker,* 30 Ark. 194.

Appellee could not recover damages for the breach of an alleged contract which did not, in fact, exist. The judgment is reversed, and the cause dismissed.