POLK *v*. ROAD IMPROVEMENT DISTRICT No. 2, OF LINCOLN COUNTY.

Opinion delivered April 10, 1916.

1. ROAD DISTRICTS—FORMATION—JURISDICTION OF COUNTY COURT.—A county court acquires jurisdiction to take the initial steps for establishing a proposed highway, upon the presentation to it of the petition of ten free holders of the county, after notice given by publication, as required by the statute.

2. ROAD DISTRICTS—FORMATION—PUBLICATION OF NOTICE.—Where the county court has jurisdiction of the proceedings for the establishment of a road district, and the notice by publication to the land owners, having been properly given, and no objections, having been filed to the report of the viewers appointed by the court, the judgment of the county court approving the report and awarding damages as assessed is binding upon the land owners.

3. ROAD DISTRICTS—FORMATION—NOTICE TO LAND OWNER—JURISDICTION.—The fact that a land owner had no notice of the meeting of the viewers for the assessment of damages, is an irregularity which does not affect the jurisdiction of the county court, and does not render its judgment void.

Appeal from Lincoln Circuit Court; *W. B. Sorrells*, Special Judge; affirmed.

STATEMENT BY THE COURT.

This is an appeal from the judgment of the circuit court refusing to review and quash the order and judgment of the county court of Lincoln County, establishing a public road, for want of jurisdiction in the court, it be-

ing claimed that no notice of the proceeding for the laying out of the road and the assessment of damages was given as required by law.

It is alleged that the petitioner is a resident of Lincoln County, the owner of certain designated lands; that on the 7th day of July, 1913, C. S. Bacon and others at the July term of the Lincoln County court presented a petition praying for the appointment of viewers to view and lay out a public road from a point near Star City, via Furth and Meroney to Grady in said county, a copy of which was exhibited. That on the back of said petition was an endorsement: · "Filed this 7th of July, 1913, signed by the clerk and "Petition examined and granted and M. O. Adams, J. M. Meroney and E. J. Hall are appointed to view out said road. W. H. Harvey, Judge." That there was a public road traversing the same territory and almost parallel to the proposed route, and that the new road was intended to straighten the old road from Star City to Grady and to be improved under the supervision of the commissioners of Road Improvement District No. 2 of Lincoln County. That after the filing of the petition said viewers filed with the clerk of the county court what purports to be a viewer's report, and that an order was made at the October term, 1913, establishing the county road petitioned for; that the road so established traverses the premises of the petitioner for a distance of half a mile and if fifty feet wide; that the land appropriated is in cultivation and of the value of $50 per acre and that petitioner will be required to maintain two strings of wire fence the entire length of his land at an original cost of $125. That the old road traversed one side of petitioner's property and is ample for public traffic, and the opening of the new road will greatly depreciate the value of his lands. That the damages awarded to the petitioner by the county court is the sum of $1.00. A copy of the order establishing the road is exhibited with the complaint.

It is further stated that said proceedings in the county court were without jurisdiction and void because,

(1) the principal petitioner did not execute the bond required by law; (2) because the court did not issue its order appointing viewers and naming the day on which they should meet and lay out the road, (3) because the notice required under section 2995, Kirby's Digest was not given to the petitioner or his agent that said petition would be presented or that the viewers so acting were to meet on a day certain or within five days thereafter to view said road and that said purported notice did not describe the petitioner's land, (4) that the damages awarded to petitioner are so wholly inadequate as amounts to a confiscation of his property.

It was further alleged that the petitioner had no notice, knew nothing whatever of the proceeding in the county court until about the first day of April, 1915, when the board of directors of the improvement district began to open the road through his premises; that he knew previous to that time that said board was preparing to build a gravel road along the old road but did not know that his property as herein mentioned was to be appropriated therefor; that he immediately applied to the board for compensation before they appropriated his property and was advised that the county court had established a road through the premises, and "that he had no notice whatever of said proceedings," that he could not make himself a party thereto and appeal to the circuit court from the order of the county court. That said right of appeal was lost without fault on his part.

It is further alleged that about the fifth day of April, 1915, after he had notified the directors of the road improvement district of his intention to take steps to secure compensation for his land so appropriated, that the president of said board filed a petition in the county court of Lincoln County, praying the court to enter a *nunc pro tunc* order of the appointment of viewers and naming the day on which they should meet. That said court on the fifth day of April, 1915, without notice to petitioner heard the petition filed by said Norton and entered an order of record *nunc pro tunc* appointing the viewers

and fixing the day of their meeting as of the date of the 7th of July, 1913, reciting that through an error of the county clerk acting in July, 1913, said order was omitted from the record.

Stated further that the only order made in fact appointing viewers, by the county court was the endorsement on the back of the petition and that no date was named therein for their meeting and that it was not through inadvertence of the clerk that the order did not appear on the record, that no such order was in fact made.

Exhibit A is a copy of the petition for the establishment of the road with the description thereof.

Exhibit B is a copy of the judgment reciting that on this day "comes on to be heard the report of viewers M. O. Adams, J. M. Meroney and E. J. Hall, appointed by this court at its July term, 1913, to view certain proposed county roads from Star City" describing them, as in the petition, and "the report of said viewers on the said proposed route heretofore filed with the clerk, is directed on this second day of the October term, 1913, publicly read, and it appearing to the court that due and proper notice having been made by the petitioners to the property owners whose property is to be traversed by said proposed road as required by law and no legal objections to said report are made or filed and same is submitted to the court for its consideration and judgment." Then follows the recital that the court finds from the report of the viewers that they recommended certain routes as practicable and demanded by the public convenience, including the proposed road, describing it, and finds that the expense of the survey and report have been paid by the petitioners and that there is no objection made to the report and findings.

Judgment was rendered establishing the road described and recommended and it was further ordered that the damages found and assessed be paid. The assessment of damages by the viewers was attached, showing the damages of appellant assessed at $1.00.

Exhibit C recites the filing of the petition by E. C. Norton on the 13th day of May, 1915, praying for the entry of the order appointing the viewers *nunc pro tunc* as on the 7th day of July, 1913.

Exhibit D was the report of the viewers, stating they were appointed at the July term, 1913, as viewers of the road proposed by petition filed by Bacon and others; that they proceeded to view the routes for the proposed road as described in the petition and their recommendations as to the establishment thereof.

A demurrer in short was interposed to the petition for *certiorari*. Appellant testified by affidavit, stating the location of the old road, the value of the land that would be appropriated by the establishment of the new road and the expense of enclosing the remaining land, of $200 for two new strings of wire fence that would be required, and that no notice written or otherwise was given him of the action of the petitioner for the road; that he knew nothing whatever of the establishment of such road through his property until about the 1st of April, 1915, when the commissioners began to open it; that he then demanded compensation and was informed the road had been established by order of the court and the compensation fixed.

Charley George, J. R. Lee and Vest Hays also stated that they owned land traversed by the public road going through the land owned by appellant and that neither of them had any notice whatever of the action of the petitioners for the establishment of the road nor of the viewers in assessing damages nor their meeting for the purpose. On the 9th day of September, 1915, a response was filed denying the material allegations of the petition, alleging that appellant was one of the most active of the promoters of the improvement district for the construction of the road, and referring to the public notice of the intended presentation of the petition for the opening of the road and also the proof of publication of the notice and a plat of the road proposed was exhibited therewith.

The judgment of the court recites that the cause was submitted on the petition and exhibits thereto, the affidavits of appellants and the three others already mentioned; the certified copy of the original petition, proof of publication, oath of viewers, report of viewers, opening order October term, 1913, order of establishment, petition for *nunc pro tunc* order on same, together with opening order, response of respondents and exhibits thereto, and demurrer to petition, from which the court finds that said demurrer should be sustained and the writ of *certiorari* should be denied. Judgment was thereupon entered dismissing the petition from which this appeal is prosecuted.

*E. W. Brockman,* for appellant.

1.  The petition alleges facts sufficient to constitute a cause of action. Appellant had no notice of the proceeding. Kirby's Digest, § § 2995, 2998-9. The statutes were not complied with. He had no notice until the time had passed and the order made and it was too late to appeal. Where there is want of jurisdiction, or an excess of it, or where the right of appeal is lost without fault, *certiorari* is the proper, if not the only remedy. 69 Ark. 587; 44 *Id.* 509; 29 *Id.* 173; 39 *Id.* 248.

2.  Before one's land can be taken under section 2993, Kirby's Digest, the notice must be given and the lands described. No notice was given and no description of his land given. 73 Ark. 604; 102 *Id.* 553.

3.  No just compensation was allowed. The court erred in sustaining the demurrer.

*A. J. Johnson* for appellee.

Due notice was given and Kirby's Digest, § § 2995 to 2999 duly complied with. The court had jurisdiction. 47 Ark. 440; 98 Ark. 345. Notice was given as required by law and appellant will not be heard to say that he was deprived of his right to appeal, or that the court had no jurisdiction. *Ib.*

2.  He was a party. *Certiorari* can not be used as a substitute for appeal. 52 Ark. 213, 222; 61 *Id.* 287, 294; 43 *Id.* 33. It is not a writ of right and its allowance rests

in the sound discretion of the court. 89 Ark. 604; 52 *Id.* 221; 43 *Id.* 243.

Kirby, J., (after stating the facts). If it be conceded that the petition for *certiorari* stated a cause of action and that the demurrer thereto should have been overruled, it can make no difference here in the review of the proceedings, if the judgment of the court was correct in dismissing same, since the record shows the matter was heard upon the petition, the response thereto and the exhibits showing the record and proceedings of the county court and the viewers in the establishment of the road and the assessment of damages for the lands taken, as well as the affidavit in support of the allegations of the petition as to the want of notice of such proceedings.

(1) The county court acquired jurisdiction to take the initial steps for establishing the proposed highway upon presentation of the petition by ten freeholders of the county after notice given by publication as required by the statue. *Howard* v. *State,* 47 Ark. 440; *Lonoke County* v. *CarlLee,* 98 Ark. 346.

(2-3) The court being satisfied that the notice required by statute had been given had the right to and did appoint three viewers to view the proposed route, assess the damages and report thereon. Proof of publication of the notice of the presentation of the petition shows that it was published for five weeks prior to the beginning of the July, 1913, term of the county court, at which the petition was presented, and the judgment of the county court, upon the report of the viewers and assessment of damages shows "that due and proper notice had been made by the petitioners to the property owners, whose property is to be traversed by the said proposed road as required by law and no legal objections to said report have been made or filed," and the court having jurisdiction of the proceedings, its judgment approving the report and awarding the damages as assessed was binding upon the land owners. If in fact appellant had no notice of the meeting of the viewers for the assessment of damages, it would have been but an irregularity

that did not affect the jurisdiction of the court and could not have rendered its judgment void. *Lonoke County* v. *CarlLee, supra.*

The county court having jurisdiction of the matter of the proposed road, the court committed no error in denying the petition for *certiorari* and dismissing it, upon the record as presented here and even though the judgment recites that the demurrer to the petition was sustained, it further recites that the whole matter was heard and the court found that the petitioner was not entitled to the relief prayed and the decision being right the judgment is affirmed.