BAUCUM v. WATERS.

Opinion delivered October 2, 1916.

1. APPEAL AND ERROR—FAILURE TO PASS UPON MOTION FOR NEW TRIAL. —Where a motion for a new trial was filed but was not acted upon by the court, the case stands as if no motion for a new trial had been filed.

2. APPEAL AND ERROR—MOTION FOR NEW TRIAL NOT NECESSARY, WHEN.—A motion for a new trial is not necessary where there is an error of law which is apparent from the face of the record.

3. APPEAL AND ERROR—TRIAL BEFORE COURT—ERRORS MANIFEST FROM THE FACE OF THE JUDGMENT.—The Supreme Court can review for errors manifest from the face of the jugdment, where the judgment contains a recital of the facts upon which it is based.

4. CONTRACTS—ABSENCE OF CONSIDERATION.—A left a mirror with B, agreeing that B might keep the same until A decided to sell it, when B might have the option to purchase the mirror at the best price any one else should offer for it. *Held*. The evidence failing to show any obligation upon B to buy, or any agreement to buy, that the contract was unenforcible for lack of consideration.

Appeal from Pulaski Circuit Court, 2nd Division; *Guy Fulk*, Judge; affirmed.

*Fred A. Snodgress*, for appellants.

1. No motion for a new trial was necessary, as all errors appear on the face of the record. 46 Ark. 17, 21; 111 *Id.* 468, 474.

2. If the contract was ever within the statute of frauds, it was taken out by acts of the parties. Kirby's Digest, § 3656; 15 L. R. A. (N. S.) 654; 125 Am. St. 397; 77 Ark. 364. The contract might have been performed within one year. 93 Ark. 1; 111 *Id.* 598; 138 A. S. R. 588.

3. The statute of frauds must be specially pleaded. 96 Ark. 189; 105 *Id.* 638; 71 *Id.* 302; 96 *Id.* 505.

4. The contract was binding and appellee cannot make out his case by breaching the contract. That would be a fraud. Bishop on Contracts (Enlarged ed.) No. 1237; 69 Ark. 513, 516; 24 *Id.* 371. Appellee could not sell to another in violation of his agreement. No writing was necessary. 35 Ark. 365, 376.

*Hal L. Norwood*, for appellee.

1. No motion for new trial was filed and this court will not review. 95 Ark. 62; 33 *Id.* 745; 37 *Id.* 37. There is nothing before this court to adjudicate. 13 Ark. 344; 21 *Id.* 401; 22 *Id.* 547; 46 *Id.* 21; 95 *Id.* 63; 36 *Id.* 495.

2. If the alleged option to buy was an enforcible contract it is within the statute of frauds. There was no binding agreement between the parties—nothing given in earnest to bind the bargain or as part payment. 108 Mass. 54; 11 Am. Rep. 306; 1 Saund. 319; 16 Mees & W. 302; 100 Ind. 501; 128 S. W. 285; 130 N. W. 208.

3. There was no acceptance of the mirror under the alleged option to buy. 112 N. W. 1081; 48 So. 213; 93 N. W. 804; 56 Atl. 562; 43 *Id.* 599; 42 S. E. 366.

4. The answer does not allege facts that amounted to a contract. It alleged no agreement to buy at *any* price—if anything it was only a proposition by one party

without acceptance by the other.   102 Ark. 621; 100 *Id.* 514; 96 *Id.* 184; 30 *Id.* 194; 6 Rul. Case Law, 603.

HART, J.   This is an action of replevin instituted by John Waters against Mrs. G. F. Baucum, Miss Margaret Baucum, et al, to recover a mirror of the alleged value of $200.00.   The defendants filed an answer in which they denied that plaintiff was the owner or entitled to the possession of the mirror and also set up as a defense a state of facts substantially as follows:

The mirror formerly belonged to Mrs. B. D. Williams, who in 1907 delivered it to the defendants with the request that they keep it and take care of it for her.   Mrs. Williams died in 1911, leaving the plaintiff as her sole heir at law.   Soon after her death it was agreed between the plaintiff and defendants that the latter should retain the mirror in their residence in Little Rock and keep, preserve and protect it for the plaintiff; that in consideration therefor, the defendants should have the option to purchase the mirror from the plaintiff, if he ever decided to sell it at the best price anyone should offer him for it.   Pursuant to this oral agreement, the defendants had the mirror, which was a very large French mirror, eight feet and three inches high, and six feet and nine inches wide, erected in one of the bed rooms of their residence, by letting it into the wall and attaching it thereto so as to become a part of the wall, and have carefully protected and preserved it, as they agreed to do.   In 1913 or 1914, the plaintiff again made the same verbal agreement with the defendants. In 1915, the plaintiff sold the mirror to Dr. J. H. Lenow for the sum of $150.   On learning this the defendants demanded of the plaintiff the right to purchase the mirror and tendered him the sum of $160, which was more than had been offered him by anyone else.   The plaintiff declined to accept this sum and refused to sell the mirror to them.   The defendants brought the sum of $160 into court and offered to pay it into the registry of the court for the use and benefit of the plaintiff in order to make good their tender.   The plaintiff filed a demurrer to the answer of the defendants.   The court sitting as a

jury heard the evidence introduced. At the conclusion of the evidence the court rendered a judgment in which it sustained the demurrer and also made a finding of fact substantially as above stated which was recited in the judgment. The defendants filed a motion for a new trial, which was never acted upon by the court, and from the judgment rendered against them, the defendants have duly prosecuted an appeal to this court.

(1-2) The record shows that the court sustained the demurrer to the answer of the defendants and also rendered judgment upon the facts which were recited in the judgment. Hence in reviewing here for errors we must test the correctness of the judgment rendered by the court after hearing the facts. *Polk* v. *Road Imp. Dist. No. 2 Lincoln Co.* 123 Ark. 334, 185 S. W. 453. A motion for a new trial was filed by the defendants which was never acted upon by the court. Hence the record stands as if no motion for a new trial had been filed. This court has repeatedly held that no motion for a new trial is necessary where there is an error of law which is apparent from the face of the record. *Anthony* v. *Sills*, 111 Ark. 468, and cases cited.

(3) The facts upon which the judgment of the court is based are recited in the judgment and this brings before us the question, whether or not we can review for error manifest from the face of the judgment where the judgment contains a recital of the facts upon which it is based. The question has been answered in the affirmative in several decisions by this court. *Union County* v. *Smith*, 34 Ark. 684; *Webb* v. *Kelsey*, 66 Ark. 180; *Russell* v. *May*, 77 Ark. 89.

(4) The recital of facts in the judgment is substantially the same as the allegations of the answer. It appears that Mrs. Williams in her lifetime delivered the mirror into the possession of the defendants to keep for her. After her death John Waters, who was her sole heir at law made an oral agreement with the defendants whereby they should retain the mirror and keep it for him and in consideration of their services, he agreed that if he should ever decide to sell it that the defendants

should have the option to purchase it at the best price anyone else should offer for it.

The assent of both parties is essential to the formation of a contract. The agreement under consideration never became a completed contract. There is nothing to show that the defendants ever agreed that they would buy the mirror at any price. The terms of the so called agreement were never binding upon them. *Bagnell Timber Co.* v. *Spann*, 102 Ark. 621; *Eustice* v. *Meytrott*, 100 Ark. 514; *El Dorado Ice & Planing Mill Co.* v. *Kinard*, 96 Ark. 184; *Turner* v. *Baker*, 30 Ark. 194; 6 R. C. L. 603.

Therefore, the judgment of the circuit court was correct and must be affirmed.