CHICAGO, ROCK ISLAND & PACIFIC RAILWAY·
COMPANY *v.* SMITH.

Opinion delivered March 26, 1917.

1. RELEASE—FALSE STATEMENT BY PHYSICIAN.—A person injured by the negligence of a railroad company is not bound by a release executed by him, and induced by false statements of the company's physician.

2. NEGLIGENCE—PERSONAL INJURIES.—A verdict for the plaintiff, in an action for damages resulting from personal injuries, *held* warranted by the evidence.

3. NEGLIGENCE—PERSONAL INJURIES—FALSE REPRESENTATIONS—RELEASE.—Plaintiff, in a railway accident sustained an injury to her wrist and executed a release to the company upon the assurance of the company's physician that the injury was slight. The injury proved not to be serious, but did cause plaintiff some inconvenience and disfigurement, and could be cured only by an operation. *Held,* a finding by the jury that the defendant's physician had made false statements was not contrary to the evidence.

4. RAILROADS—JUDGMENT AGAINST—LIEN.—Kirby's Digest, § 6661, giving a lien against the property of railroads, is limited to property belonging to the railroad company within this State, and to persons obtaining judgment against the company upon causes of action arising within this State.

Appeal from Crittenden Circuit Court; *W. J. Driver,* Judge; modified and affirmed.

*T. S. Buzbee* and *H. T. Harrison,* for appellant.

1. This case falls squarely within the rule laid down in 115 Ark. 123. There is nothing in the testimony that plaintiff was mentally incapacitated—she was aware of what she was doing, and knew she was signing a release.

2. Plaintiffs are not entitled to the statutory lien. 80 Ark. 395, 405; 78 N. Y. 30; 79 S. W. 1130-1144; 72 Mo. 664.

*Hughes & Hughes,* for appellees.

1. The release is not binding. She signed it under the belief that the injury was trivial and that belief was induced by the statements of the company's physician. The facts bring this case clearly within the rule laid down in 87 Ark. 614; 121 *Id.* 433, 438. The release was a nullity.

2. Misrepresentations, amounting to fraud vitiate a release. 34 Cyc. 1064; L. R. 2 Eq. 587; 6 Beav. 503; 61 Hun. 356; 15 N. Y. Supp. 911; 156 S. W. 1155.

SMITH, J. R. E. Smith and Bessie C. Smith, who are husband and wife, recovered judgments against the appellant railway company to compensate an injury

sustained by Mrs. Smith in a wreck in the State of Kansas, while she was a passenger on one of appellant's trains. A few hours after her injury, and while she was still en route to her destination, she compromised and settled her claim for damages for the sum of $10.00, and executed a full release. Shortly after the train was derailed, a physician and surgeon representing the railway company examined all of the injured passengers, and gave them such treatment as their condition required and the opportunity afforded. Mrs. Smith sustained an injury which later developed into hernia, and an injury to her wrist, which immediately gave her considerable pain, but, upon being examined by the doctor, she told him only about her wrist, which he bandaged for her and told her she had only sustained a sprain, which was not serious, and that it would soon be entirely well. She testified that she was made sick at her stomach, but that the other pain which she suffered was not to be compared to the pain caused by her arm. Some hours later, and while still pursuing her journey, a claim agent representing the railway company, asked to see, and was shown, her hand. This gentleman told Mrs. Smith that he had talked with the doctor, and had been assured by him that "her hand would be all right." He then said he wanted to pay her something on account of the delay she had sustained, and she told him she did not want any pay if her hand got well, and that she signed a paper, the exact nature of which she did not understand, except that she knew it was a release of some kind. There was some conflict in this evidence, but this is the purport of the testimony offered by appellees. This release is a full acquittance for any damages.

After Mrs. Smith reached her home, the hernia developed, and a bursa, or tumor, developed on her wrist, which she still had at the time of the trial thirteen months subsequent to her injury. Her doctor testified that this tumor was not serious, and could be permanently cured by a surgical operation, and that, if the

operation was not performed, she would suffer but little inconvenience, except the disfigurement, and that many persons would prefer to go through life without having it removed.

There was a judgment in favor of Mrs. Smith for $1,500.00, and in favor of her husband for $250.00, and a lien was declared in favor of each under Section 6661 of Kirby's Digest, and this appeal has been duly prosecuted.

It is earnestly insisted, under the authority of the case of *Kansas City So. Ry. Co.* v. *Armstrong*, 115 Ark. 123, that this cause of action is barred by reason of the release executed by Mrs. Smith. While it is admitted that the testimony in regard to the hernia makes a case which would support a judgment for the full amount recovered, it is insisted that that is one of those consequences the possibility of which the parties must be held to have had in mind when the settlement was effected.

(1-3)    Mrs. Smith made no statement to the doctor in regard to the injury which developed into the hernia, and, consequently, his statement to her that she would soon be well cannot be considered as applying to that injury, and, as serious as this injury has proved to be, we would be compelled, under the above cited case, to hold that the sum of money which constituted the consideration for the release compensated that injury, had the doctor's representations in regard to her other injury proven true. Upon the assurance of the doctor, and the reiterated assurance of the claim agent that he had, himself, talked with the doctor, and the belief inspired thereby that she had sustained only a slight and temporary injury to her wrist, Mrs. Smith made this settlement.

Now, had these representations proven true, there could be no recovery, although she sustained other more serious injuries, because no representations were made by the company doctor in regard to such injuries, and her action in treating them as inconsequential in

making the settlement was uninfluenced by any representations made to her by the company doctor.

It is said that the injury to Mrs. Smith's wrist is slight, that the operation, if one was performed, to remove the bursa, is not a serious one, and that no great inconvenience or disfigurement would result, if an operation was never performed.   But the jury may have thought otherwise.   A skilled and busy surgeon, like the one who testified in this case, might regard slightly, and as of only trivial importance, an operation of the kind which would have afforded Mrs. Smith complete relief; yet the thought of it might excite such trepidation, and especially in the mind of a nervous person, as to make preferable the permanent inconvenience and disfigurement attendant upon a failure to have an operation performed; and we cannot, therefore, say that the jury was not warranted in finding that the doctor's representation was false when he stated to Mrs. Smith that her injury was only slight, and that her recovery would be speedy and complete, and, if there were such untrue statements, she was not bound by her release.   *Griffin* v. *St. L., I. M. & So. Ry. Co.,* 121 Ark. 438; *St. L., I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 614.

It is, no doubt, true that in making up the verdict the jury awarded a larger amount for the hernia than for the bursa; but the contract of release was an indivisible one.   If it was binding at all, it barred any action, and if it was not fully binding, it did not bar any part of the cause of action; and it is not claimed that the damages are excessive, if there is any cause of action.

It is insisted that the court erred in declaring a lien under provisions of Section 6661 of Kirby's Digest. And we think appellant is correct in this contention. By this section it is provided that every person who performs any work, or furnishes any material, for the construction, or operation, of any railroad, or "who shall sustain any loss, or damage, to person or property, from any railroad, for which a liability may exist at

law, * * * shall have a lien * * * for such damages, upon the roadbed, buildings, equipments, income, franchise, right-of-way, and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, and beneficiaries under trusts, or owners."

(4) This section does not expressly say that this lien shall be only against the property there described which is situated in this State; but the language must be interpreted as having that meaning, for the Legislature could not give an extra-territorial effect to a statute of this kind. Likewise, it must be assumed that this lien is intended for the benefit of the class of persons there named whose cause of action and right to a judgment arises in this State. It is true that appellee's cause of action was a transitory one, and has been reduced to judgment within this State. But it did not arise here, and it is not to be assumed that it was the legislative intention to confer the benefits of this lien upon any person whose cause of action was such that it might be brought in the courts of this State. To so hold would, in a very large measure, deprive persons, whose cause of action originated within this State, of the benefit of such liens, if they were required to share such benefits with all persons who might obtain judgment for any of the causes of action specified in that section.

This construction of the statute, not only comports with the general construction given such statutes, but is in accordance with our own decision in the case of *Midland Valley Rd. Co.*, 80 v. *Moran Bolt & Nut Co.* Ark. 399. In that case the Bolt & Nut Company, which was a Missouri corporation, had furnished material of the kind, for the contract price of which a lien is conferred under Section 6661 of Kirby's Digest, and suit was brought to enforce a lien in its favor for the total amount due it for such supplies. It appeared, however, that only a portion of such materials had been used in this State. It was there held that the lien could

be enforced only to the extent of the materials which went into the construction of the railroad in Arkansas. This court quoted with approval from the case of *Birmingham Iron Foundry* v. *Glen Cove Starch Mfg. Co.*, 78 N. Y. 30, the following statement of the law:

"'Such a lien does not exist at common law. It is no part of the contract to be enforced where that can be enforced. It is purely the creature of the statute. The statute has no extra-territorial force. It was intended for the protection of those who performed labor or furnished materials within this State. When this engine was brought into this State and put into this factory, it belonged to this defendant. The plaintiff did not furnish any material in this State. It cannot, therefore, have the benefit of the statute.'"

The court there met the argument that the railroad must be treated as an entirety, with this statement:

"It is argued that, because the railroad must be treated as an entirety and not sold in parcels in the enforcement of liens against it, the whole debt could be enforced in this suit. The rule of treating the railroad as an entirety extends only to the roadbed and easements within the State."

It follows, therefore, that the judgment of the court below, declaring a lien in favor of appellees, must be modified as indicated, and as thus modified will be affirmed.