## NEVIUS v. REED.

### Opinion delivered April 9, 1928.

1. HIGHWAYS—LAYING OUT ROAD—CONSENT OF LANDOWNER.—Where a road laid out by viewers was approved by the county court on petition, but notice was not given to the landowner as required by Crawford & Moses' Dig., § 5234, the county court had no authority to approve the action of the viewers in laying out the road without the landowner's consent.

2. HIGHWAYS—RIGHT TO NOTICE—WAIVER BY LANDOWNER.—The fact that a landowner filed exceptions to the report of viewers who were laying out a road on his land was not a waiver of the right to notice, as required by Crawford & Moses' Dig., § 5234.

Appeal from Baxter Circuit Court; *John C. Ashley,* Judge; reversed.

STATEMENT BY THE COURT.

On the 23d day of March, 1927, J. H. P. Reed and forty other persons filed in the office of the clerk of the county court of Baxter County a petition praying for the alteration of a part of a public road in said county. Roy Nevius and other persons filed a remonstrance to said petition on the 4th day of April, 1927.

The record shows that on October 30, 1926, Roy Nevius and others filed in the county court of Baxter County a petition for an order to vacate a certain part of a public road and to open up and establish a new road in the place of that sought to be vacated. Notice of the application was given as required by the statute, and viewers were duly appointed. J. H. P. Reed and the other persons who signed the petition with him in the present case filed a remonstrance to the petition of Roy Nevius and others. The old road was vacated, and

the new road established as prayed for in the petition of Roy Nevius. J. H. P. Reed appealed to the circuit court. On the 11th day of March, 1927, being a day of the March term of the circuit court, J. H. P. Reed dismissed his appeal at his own cost.

On March 23, 1927, the present petition was filed in the county court, and the record shows that the petitioners are seeking to vacate the identical part of the public road which was opened and laid out on the petition of Roy Nevius, and to establish in its stead that part of the old road that had been vacated on the petition of said Roy Nevius. Notice was given by J. H. P. Reed by publication as required by § 5230 of Crawford & Moses' Digest. Proof of publication of the notice was filed with it in the county court on April 5, 1927. On April 19, 1927, a day of the April term of the Baxter County Court, three viewers were appointed and made their report, recommending the vacation of the old road and the establishment of the new one as prayed for in the petition of said J. H. P. Reed and others. No notice was given Roy Nevius, as required by § 5234 of Crawford & Moses' Digest. The court approved the finding of the viewers, and it was ordered that the change in the road be made as petitioned for and as recommended by the viewers.

Roy Nevius had filed exceptions to the report of the viewers, and moved to quash the assessment on the ground that the court was without jurisdiction to proceed in the matter. One of the grounds was that no notice had been given as required by § 5234 of Crawford & Moses' Digest. Another ground is that the matter was *res judicata*, because the parties were concluded by the former order of the county court, when J. H. P. Reed dismissed his appeal.

The circuit court on appeal heard the case *de novo* on the record, as stated above, and affirmed the judgment of the county court vacating the road and establishing the new road over the land of Roy Nevius, as prayed

by J. H. P. Reed and others. Roy Nevius filed a motion for a new trial, which was overruled by the circuit court. He has duly prosecuted an appeal to this court from the judgment of the circuit court.

*Dyer & Dyer,* for appellant.

HART, C. J., (after stating the facts). The road laid out by the county court on the petition of J. H. P. Reed and other persons was opened and laid out on the land of Roy Nevius and others. Viewers were appointed, but no notice, as required by § 5234 of Crawford & Moses' Digest, was given by the petitioners to Roy Nevius, through whose land said road was proposed to be laid out and established. This fact was shown by the undisputed evidence in the record, and no attempt was made to prove that the notice required by the statute of the viewers' meeting. was given or that Nevius waived the notice. Therefore the county court had no right to approve the action of the viewers in laying the road over the land of Roy Nevius without his consent, and the action of the county court in approving the report of the viewers was erroneous. The circuit court heard the case upon the same record as presented to the county court and affirmed the judgment of the county court. This constitutes reversible error.

The case is here on appeal, and is not like the cases of *Lonoke County v. Lee,* 98 Ark. 345, 135 S. W. 833, and *Polk v. Road Imp. Dist. No. 2 of Lincoln County,* 123 Ark. 334, 185 S. W. 453, where it was held that the fact that a landowner had no notice of the meeting of the viewers for the assessment of damages is an irregularity and does not affect the jurisdiction of the county court, and does not render such judgment void. In each of these cases the relief was denied the landowner because he had not appealed from the order of the county court, but had attempted to quash the order by certiorari on the ground that it was absolutely void. In each of these cases, however, the court recognized and upheld the rule laid down in *Beck v. Biggers,* 66 Ark. 292, 50 S. W. 514.

to the effect that the notice required by § 5234 of Crawford & Moses' Digest is essential, and that the failure to give it constitutes error calling for a reversal of the judgment of the county court establishing the road, where the statutory notice is not given.

Nevius did not have any notice of the meeting of the viewers, and took no part whatever in the proceedings to lay the road over his land. The exceptions filed by him to the report of the viewers did not constitute a waiver of the notice required by the statute. *Beck* v. *Biggers*, 66 Ark. 292, 50 S. W. 514.

The result of our views is that the judgment of the circuit court was erroneous because the notice required by § 5234 of Crawford & Moses' Digest was not given, and the cause will be remanded, with instructions to remand the case to the county court for further proceedings according to law and not inconsistent with this opinion.

It is so ordered.