PHOENIX UTILITY COMPANY v. SMITH.

Opinion delivered April 11, 1932.

*Buzbee, Pugh & Harrison,* for appellant.

*Arthur Cobb* and *Murphy & Wood,* for appellee.

SMITH, J. Appellee sustained a serious injury on May 28, 1930, by being thrown from an engine and being dragged by the engine along the track upon which the engine was being run. He recovered a judgment against appellant to compensate his injury, from which is this appeal.

No question is raised here as to appellant's liability, it being insisted only for the reversal of the judgment appealed from that appellee's cause of action had been compromised and settled before the case was tried in the court below.

After his injury, appellee was treated at his home by a physician furnished by appellant, his employer, until June 2, when he was carried to a hospital, where, on June 4, he was operated on for double hernia. On June 13, which was nine days after the operation, appellant's adjuster visited appellee at the hospital for the purpose of settling his claim for damages.

Appellee stated that he was not ready to settle and would not be until he had consulted his doctor. The adjuster said: "You see the doctor, and I will return next Friday," which was June 20. On the 20th Dr. Tribble, who had performed the operation under employment by appellant, called on appellee at the hospital, and appellee said to him: "Doctor, the insurance adjuster was over Friday, and I would like to know how long it will be before I will be able to go back to work." According to appellee, the doctor answered: "You will be able to go back to work in three months. You will be just as good as you ever were, or may be stronger." Later in the day the adjuster called on appellee and asked: "Are you ready to settle?" and appellee answered: "I guess I am; I saw the doctor." The adjuster asked: "Are you ready to leave the hospital?" and appellee answered: "I don't know; I never asked about leaving the hospital." The adjuster said he would see Dr. Tribble, and he left the hospital, but soon returned and reported to appellee that

he had seen Dr. Tribble and that the doctor had said that appellee would be all right in three months, and that appellee could leave the hospital, and he did leave the hospital on that day, having been in the hospital about sixteen days after his operation.

Dr. Tribble testified that the operation was a proper and perfect one, and admitted that he had told appellee that he would be all right in three months and able to do his work as well as ever, unless there was some complication, and that recovery from such an operation was usually complete in three months.

Appellee testified that he and the adjuster figured what his wages would be for three months, if he were working, and, as the amount was slightly less than $400, they agreed upon a settlement for that amount.

It was the insistence of appellee in the court below that he relied upon and was misled by the statement of appellant's physician that he would be well and able to resume work within three months, whereas at the time of the trial from which this appeal comes in November, 1931, he was still suffering pain and was unable to work.

The jury returned a verdict for appellee in the sum of $3,000, less the $400 previously paid, and judgment was rendered accordingly.

The issue of fact in the case was submitted in an instruction given at the request of appellant, which reads as follows: "You are instructed that, before the plaintiff is entitled to recover in this case, he must first avoid the release executed by him, and that to avoid that release the burden is on the plaintiff to show by a preponderance of the evidence that Dr. Tribble told him, as his unqualified opinion, that he would be fully recovered from his injuries in three months, and that at the end of three months he would be able to go back to work, and that he had not so recovered at the end of that time; and, unless he discharges that burden, the release he executed is a valid release and your verdict must be for the defendant."

This instruction was as favorable as appellant could ask, as this court has frequently held that a release is not binding on the releasor where the physician of the party responsible for an injury represents to the injured person that his injuries are temporary, when, in fact, they are permanent, and the injured person executes the release relying upon such statement of the physician of the party responsible for the injury. *St. Louis, I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 614, 113 S. W. 803; *Francis* v. *St. Louis, I. M. & S. Ry. Co.,* 102 Ark. 621, 145 S. W. 534; *Kansas City Southern Ry. Co.* v. *Armstrong,* 115 Ark. 128, 171 S. W. 123; *St. L., I. M. & S. Ry. Co.* v. *Morgan,* 115 Ark. 529, 171 S. W. 1187; *C., R. I. & P. Ry. Co.* v. *Smith,* 128 Ark. 223, 193 S. W. 791; *F. Kiech Mfg. Co.* v. *James,* 164 Ark. 137, 261 S. W. 124; *St. L.-S. F. Ry. Co.* v. *Cox,* 171 Ark. 103, 283 S. W. 81; *Sun Oil Co.* v. *Hedge,* 173 Ark. 729, 293 S. W. 9; *M. P. Rd. Co.* v. *Elvins,* 176 Ark. 737, 4 S. W. (2d) 528; *K. C. S. Ry. Co.* v. *Sanford,* 182 Ark. 484, 31 S. W. (2d) 963.

There is no contention that Dr. Tribble intentionally deceived appellee or practiced any fraud upon him, but the testimony supports appellee's contention that he relied upon the doctor's opinion as to his recovery, and that the doctor was mistaken in his prognosis.

The judgment of the court below must therefore be affirmed, and it is so ordered.