HUNTER *v.* WOOLLARD.

4-2704

Opinion delivered November 7, 1932.

*R. V. Wheeler,* for appellant.

*S. V. Neely, R. H. Berry* and *Elton A. Rieves, Jr.,* for appellee.

McHANEY, J. This is a special statutory proceeding brought under the provisions of act 135, Acts 1927, p. 452, regulating the granting of franchises for toll bridges, turnpikes or causeways. Section 3 of the act reads as follows: "Upon application being made to the county court for the granting of a franchise or privilege as herein provided, the applicant shall give notice by publication in some newspaper in the county or counties where said toll bridge, turnpike or causeway is situated, having a *bona fide* circulation therein once a week for two weeks, setting forth the fact that application has been made for the granting of such franchise or privilege, giving the name of the stream to be bridged or the location of the turnpike or causeway, and the date when said petition will be heard by the county court, which notice may be in the following form, to-wit:

## "FORM OF NOTICE

"Upon the date named in said notice, unless the hearing is continued for cause, the court shall hear all interested parties, and, in the event said franchise or privilege is granted, an order of the county court shall be made, fixing the rates or tolls to be charged, which shall be entered of record."

The point involved in this appeal is the sufficiency of the notice under the above statute.

On November 28, 1930, a notice was published in the Earl Enterprise of Earl, Arkansas, to the effect that appellant has made application to the county court of Crittenden County, Arkansas, for a franchise to operate a toll bridge over the Mississippi bottoms in said county, and that same would be heard by the county court on

December 15, 1930. The first publication of the notice was made on November 28th, and the application or petition for franchise was not filed until December 1, 1930. Thereafter, the same notice was published on December 5th and 12th. At the hearing on December 15th, 256 protestants appeared and objected to the granting of the franchise. One of the grounds of protest was that no notice of the application had been published as required by law. The county court overruled the protest, granted the franchise, and an appeal was prosecuted to the circuit court, where it was held "that the first publication of the notice on November 28, 1930, was ineffective for the reason that the application was not filed with the clerk of the county court until December 1, 1930." The judgment of the county court granting the franchise was adjudged to be null and void. This appeal is from that order.

We think the court correctly so held. No notice could be given until application had been made to the county court as provided in the statute. The publication of the notice on November 28th was without effect because at that time no application had been made to the county court. The publication of the notice on December 5th and 12th was insufficient to give two weeks' notice of the application, because two weeks had not elapsed between the date of the first effective publication and the date of the hearing. Strict compliance with the statute relative to notice must be had in order to give the county court jurisdiction, this being a special statutory proceeding and the jurisdiction of the court being dependent upon strict compliance therewith. It would make no difference if all the people in the county had appeared to protest the application, because the jurisdiction did not depend upon the appearance of the protestants, but upon compliance with the provisions of the statute. *Nevius v. Reed,* 176 Ark. 903, 5 S. W. (2d) 327. As said by Judge BATTLE in *Gibney v. Crawford,* 51 Ark. 34, 9 S. W. 309: "The statute having prescribed the manner in which the notice should be given, it could not be given legally in any other man-

ner." In *Townsend* v. *Martin,* 55 Ark. 192, 17 S. W. 875 we held that, where the statute prescribes that the list of delinquent lands shall be published "weekly for two weeks," the first insertion of the notice should be made two full weeks before the day of sale, and failure to comply with the statute in this respect renders the sale void. There are many cases in our reports to the same effect, one of the latest being *Giese* v. *Jones,* 185 Ark. 548, 48 S. W. (2d) 232.

Since two full weeks did not elapse between December 5, the date of the first publication, and December 15, the date of the hearing, notice was not given "once a week for two weeks" as provided in the statute, the county court had no jurisdiction to make the order granting the franchise, and the circuit court correctly held it null and void.

Affirmed.