MITCHELL *v.* VOLKMER.

4-3584

Opinion delivered December 10, 1934.

12

M. A. Matlock, for appellant.

Akers & Thurman, for appellee.

JOHNSON, C. J.   On December 31, 1932, the county court of Pulaski County allowed a claim in favor of appellee, Leo H. Volkmer, in the sum of $2,800, for services theretofore rendered and directed that a county warrant be issued therefor payable out of the general revenue of Pulaski County, which was accordingly done, and the warrant so issued was numbered 10,108. Thereafter, appellant, a citizen and taxpayer of Pulaski County, intervened in the matter of the allowance of said claim and the issuance of the county warrant thereon, and asserted that said claim and the warrant issued thereon were unauthorized, illegal, unlawful and void because in excess of the revenues from all sources for the fiscal period 1931-1932 and in excess of all revenues for the fiscal year in which said allowance was made. The trial in the county court upon the issues raised in the intervention resulted in an order of disallowance, and thereupon an appeal was prosecuted by appellee to. the circuit court wherein upon trial the claim was allowed, and this appeal follows.

The trial court's findings of facts and declarations of law, as set forth in the judgment entered in said cause, are as follows:

"And upon the admission in the course of the proceedings that the record disclosed, among other things, by the admitted testimony of witness for the appellant that the general revenue receipts of Pulaski County for the statutory fiscal period from November, 1931, to November, 1932, were five hundred eleven thousand, seven hundred eighty-three dollars, ninety-eight cents ($511,-783.98), and the expenditures made and payable out of the general revenue receipts from the beginning of statutory fiscal period in November, 1931, to the date of the approval of the claim by the outgoing county judge and the issuance of said warrant number 10,108, December 31, 1932, which were chargeable against and payable out of the general revenue receipts of Pulaski County on

account of obligations incurred after the beginning of the statutory fiscal period in November, 1931, were five hundred eighty-three thousand, one hundred seventy-nine dollars, seventeen cents ($583,179.17); and upon the court ruling and holding as a matter of law at this point upon motion of counsel for the appellee to dismiss the appeal upon the grounds of the law and the admitted facts thus disclosed by the record, to-wit:

"That, since the record disclosed that warrant 10,108, in controversy was issued on December 31, 1932, it was chargeable against and payable out of the general revenue receipts of the county for the statutory fiscal period from November, 1932, to November, 1933, and, unless it could be shown that at the time the said warrant 10,108 was issued, December 31, 1932, it exceeded the general revenue of the county for the statutory fiscal period from November, 1932, to November, 1933, it would not be illegal and void on account of having been issued in violation of the amendment to the constitution and the law enacted in pursuance thereof prohibiting expenditures in excess of revenues; and upon admission of counsel for appellee that such a showing could not be made and the further fact that, at the time the said warrant was issued December 31, 1932, expenditures had not been made chargeable against the general revenue for the statutory fiscal period from November, 1932, to November, 1933, in excess of the general revenue receipts for the said fiscal period."

At the threshold of this case we are confronted with the contention advanced by appellee that the judgment should be affirmed because of an insufficient abstract of the testimony heard in said cause. Conceding without deciding the insufficiency of the abstract filed in reference to the testimony heard by the trial court on the question of fact there presented, it appears from the judgment entered that the trial court heard the facts and set forth in the judgment entered the pertinent facts upon which the judgment is based; therefore, under the doctrine announced in *Baucum* v. *Waters,* 125 Ark. 305, 188 S. W. 802, the conclusions reached by the trial court

as reflected in the judgment entry are properly before us for review.

Appellant's contention is that the county warrant here in controversy was allowed, issued and must be paid out of the funds for the fiscal period of 1931-1932; and that since the trial court determined from the facts that expenditures for this fiscal period were greatly in excess of all revenue received by said county during this fiscal period, this warrant is void, being prohibited by the tenth amendment to the Constitution of 1874. The tenth amendment was declared adopted by this court in *Brickhouse* v. *Hill*, 167 Ark. 513, 268 S. W. 865, and, in effect, provides: That the fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenues from all sources for the fiscal year in which said contract or allowance is made, etc.

The mandate of the amendment referred to is so plain, definite and certain that it needs no interpretation. Therefore, it may be said, if the warrant here in controversy was issued in violation thereof, it is null and void.

As we understand the record, appellee's contention is, and the trial court so determined, that December 31, 1932, the date on which the claim was allowed and the warrant issued, falls within and is payable out of the funds for the fiscal period of 1932-1933. If this contention is correct, the warrant is a valid and binding obligation against Pulaski County because no effort was made to show by testimony that expenditures for the fiscal period 1932-1933 exceeds the revenues for that period. The question to be decided is, therefore, does an allowance made December 31, 1932, fall within the fiscal period 1932-1933, and, if so, is it payable out of funds accruing to this period or within the fiscal period 1931-1932? This question is decisively answered by act 103 of 1931, § 1 of which provides:

"That § 2 of said act No. 340 of the Acts of the General Assembly of the State of Arkansas for the year

1927, approved March 26, 1927, be amended to read as follows:

"The fiscal year of the affairs of the counties of the State of Arkansas, covering a period of twelve months, shall begin with the second Monday of November of each year, provided, however, that the appropriation made by the several levying courts at their regular session, in the year 1931, shall not become available and effective for expenditures for the purpose of carrying on the affairs of the counties until January 1, 1932, and provided, further, that thereafter all appropriations for the fiscal affairs of the counties shall not become effective until said first day of January succeeding the regular session of any levying court, and provided further, that the necessary, actual, legal expenses required in the operation of the several counties during the period from the second Monday in November, 1931, until January 1, 1932, will be paid out of the appropriations made by the levying court at their regular 1931 session, out of the appropriations becoming available January 1, 1932."

The act just quoted provides in no uncertain terms that the fiscal period for counties of the State of Arkansas shall begin on the second Monday of November and shall cover a period of twelve months thereafter; that the appropriations made by the several levying courts shall not become available until January 1, following; provided, however, necessary, actual, legal expenses required in the operation of the several counties during the period from the second Monday in November, 1931, until January 1, 1932, will be paid out of the appropriations made by the levying court at their regular session in 1931. If the section of the act just referred to and quoted has any force or effect, it means that the fiscal period of each county shall be reckoned from the second Monday in November up to and until the second Monday in November following; and that such revenue shall not become available for expenditure purposes until the first day of January thereafter.

It appears that the county warrant under consideration was issued during the fiscal period of 1932-1933, as provided in the act heretofore referred to and quoted in

part, but the 1932-1933 appropriated funds were not available and could not be used as a basis for an allowance until January 1, 1933; therefore this allowance must be allocated to the fiscal period of 1931-1932, and the trial court has found that the total expenditures for this fiscal period were greatly in excess of all revenues received for this fiscal period prior to the allowance of this claim and the issuance of the county warranty thereon, and it necessarily follows that the allowance of the claim and the warrant issued thereon are absolutely null and void, being expressly prohibited by amendment 10 to the Constitution.

For the reasons stated, the case is reversed, and remanded with directions to enter a judgment declaring Pulaski County warrant number 10,108 null and void.