## RUST *v.* KOCOUREK.

## Opinion delivered June 18, 1917.

1. APPEALS—FROM COUNTY COURT—PARTIES.—Appellant, a landowner appealed from an order of the county court approving the report of the viewers looking to the establishment of a road district. *Held,* thereafter other parties could not make themselves appellants in the matter in the circuit court. The remedy of others objecting was by way of certiorari.

2. CERTIORARI—WILL BE GRANTED, WHEN.—The allowance of the writ of certiorari lies with the circuit judge, and the writ should be refused when the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it, especially where great public inconvenience will result from its issuance.

3. ROADS—ESTABLISHMENT OF PUBLIC ROADS.—In proceedings looking to the establishment of public roads, under the statutes, the report of the viewers can not be considered until the succeeding term of the county court after the term at which the viewers are appointed.

4. ROADS—ESTABLISHMENT—PREMATURE HEARING.—In proceedings to establish a public road, a premature hearing of the report of the viewers does not affect the jurisdiction of the court, and the judgment of the

court will not be disturbed where the rights of the complaining parties have not been prejudiced.

Appeal from Prairie Circuit Court, Northern District; *Thomas C. Trimble,* Judge; affirmed.

*C. B. & Cooper Thweatt,* for appellants.

1.   The report of the viewers should have gone over to the following term of court and been read publicly on the second day thereof. Kirby & Castle's Digest, § 3257. The appearance of Rust at the adjourned term did not waive jurisdiction. 15 Am. & E. Enc. Law, p. 385. The county court had no jurisdiction and its judgment is *coram non judice* and void. 48 Ark. 151; 6 *Id.* 491; 90 *Id.* 197. The other remonstrants were proper parties, as the trial was *de novo* in the circuit court. 2 Enc. Pl. & Pr. 168; 104 Ark. 371.

2.   The judgment is against the evidence. The road was not shown to be of public convenience or utility. 15 Am. & Eng. Enc. Law 354.

3.   The court erred in dismissing the petition for a review for want of jurisdiction. Kirby & Castle's Digest, § 3257. The public utility of the road and its cost are doubtful and an order for a review was proper.

*Gregory & Holtzendorff* and *Emmet Vaughan,* for appellee.

1.   There is a sharp conflict in the testimony and the verdict or finding will not be disturbed on appeal. 103 Ark. 260; 104 *Id.* 162.

2.   The circuit court had no jurisdiction. Notice was given as required by law. Kirby's Digest, § 2995. The county court had jurisdiction. No one appeared except appellant Rust, and he only filed oral objections. A remedy for citizens whose lands are affected is provided by Kirby's Digest, § 3005. Rust was the only remonstrant.

3.   The other remonstrants were not proper parties. No notice of the day the viewers meet is provided for by law. 47 Ark. 431; 98 *Id.* 346. Even if the law requires

the report of the viewers to lie over until the succeeding term, Rust can not complain. He appeared and orally objected and took an appeal and he is the only party in interest who has any standing in court.

McCULLOCH, C. J. Appellees, who are citizens and landowners of Prairie County, presented their petition to the county court of that county for the establishment of a public road. Notice was duly given of the presentation of the petition, which was heard by the court on February 7, 1916, a day of the January term. The court appointed viewers in accordance with the provision of the statutes, and fixed the day on which they were to view and lay out the road, and assess damages to the property owners, and directed the viewers to make report on March 1, to which date the court was adjourned. The viewers made report, which was taken up for consideration on March 2, 1916, and W. H. Rust, one of the appellants, appeared and remonstrated against the establishment of the road. The county court, after hearing the matter, approved the report of the viewers and made the order establishing the road in accordance with the prayer of the petition, and also approved the award of damages made by the viewers to appellant Rust, who thereupon filed his affidavit and bond for appeal to the circuit court. The appeal was granted and perfected, and when the cause came up in the circuit court appellant Rust filed a written remonstrance of numerous other land owners in the locality against establishing the road, and the court proceeded to hear the matter upon the evidence, oral and otherwise, adduced before the court. The finding of the circuit court was in favor of the establishment of the road, as adjudged by the county court. An appeal was taken to this court in the names of Rust and the other parties, whose names appear upon the remonstrance.

(1-2) Appellant Rust was the only party properly before the circuit court remonstrating against the judgment establishing the road. He was the only one who appeared in the county court, and his was the only appeal

taken to the circuit court. The appeal of Rust did not give other interested parties the right to join in the circuit court. In fact, the record did not show that the other persons named in the remonstrance were made parties, as the written remonstrance was filed by Rust himself in the circuit court. But, even if those parties had appeared, it was, as before stated, too late for them to get into the controversy as appellants from the order of the county court. If they had any remedy at all it was by application to the circuit court for *certiorari* to review the proceedings in the county court, and an application to the circuit court for that writ would have brought up for consideration different questions from those involved in this appeal. *Certiorari* is not a writ of right, but one of discretion and the allowance rests in the discretion of the court, and the writ should be refused ''when the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it, especially where great public inconvenience will result from its issuance.'' *Johnson* v. *West,* 89 Ark. 604

Treating Rust as the only complaining party, we proceed to consider whether or not there is any error in the record of which he can complain. In the first place, it is insisted that the county court was without jurisdiction, and consequently that the judgment establishing the road was void because the court proceeded prematurely in hearing the report of the viewers. The statute does not specifically provide when, or at what term of court, the report of the viewers shall be made. It is provided in the statute that on presentation of the petition the court may appoint the viewers and shall fix the day on which the view and assessment of damages shall be made. Kirby's Digest, § 2996. The viewers are required by statute to make report, and it is provided that the court ''on receiving the reports of the viewers aforesaid, shall cause the same to be read publicly on the second day of the term, and if no legal objections shall be made to said reports, and the court is satisfied that such road, or

any part thereof, will be of sufficient importance to the public to cause the damages and the compensation which have been assessed as aforesaid to be paid by the county, and that the amount so assessed is reasonable and just, and the report of the viewers being favorable thereto, the court shall order," etc. Kirby's Digest, § 3003.

(3) It appears to be clearly contemplated by the statute that the report of the viewers shall not be considered until the succeeding term of the court after the term at which the viewers are appointed. No other interpretation can reasonably be put upon the language of the statute, for it is stated therein that the report shall be read publicly "on the second day of the term." The design of the law-makers was to provide a definite time so that complaining property owners might know when to appear, as there is no provision for notice to be given of the filing of the report.

(4) It does not follow, though, that the judgment of the county court is absolutely void because the report of the viewers was heard prematurely. The action of the court, though premature, was not void, as the filing of the original petition for the establishment of the road and giving notice in accordance with the terms of the statute conferred jurisdiction, and the premature consideration of the report of the viewers was merely an error committed in the exercise of jurisdiction. *Lonoke County* v. *Carl-Lee,* 98 Ark. 345. The premature entry of a judgment in an adversary proceeding is declared by our statutes to be a clerical misprision, and not affecting the jurisdiction of the court. Kirby's Digest, § 4430. The statute does not apply to special proceedings of the county court for the establishment of public roads, but the principle is the same as declared by this court in the case just cited.

While the hearing of the report was irregular on account of being premature, the rights of appellant Rust were not prejudiced because he appeared there and resisted the order and took an appeal to the circuit court. He represented no one but himself, and can not complain

on the ground that other property owners may have been deprived of the opportunity to be heard on account of the premature consideration of the report.

Therefore, in disposing of the case so far as it concerns appellant Rust, we hold that he has not been prejudiced, and, therefore, the judgment as to him is correct. The other appellants are not properly parties. The evidence was conflicting concerning the public necessity for the opening of the road, but we feel bound by the finding of the circuit judge on that issue.

Judgment affirmed.