McMahan v. Ruble.

Opinion delivered July 1, 1918.

1. ROADS—ORDER ESTABLISHING—RIGHTS OF CITIZEN AND TAXPAYER.—
Where the county court made an order establishing a road
through certain lands, a citizen and taxpayer owning lands taken
by the road may make himself a party to the proceedings and
appeal from the orders of the court.

2. APPEAL AND ERROR—NECESSITY FOR AFFIDAVIT—ROADS.—While a
taxpayer, who has become a party to the proceedings laying out
a road, may appeal from an order of the county court, under sec-
tion 1, Act 422, Public Acts of 1911, page 365, such appeal will
be dismissed where no affidavit for appeal was made and filed.

Appeal from Boone Circuit Court; *Jno. I. Worthing-
ton,* Judge; affirmed.

*J. M. Shinn,* for appellants; *Oscar W. Hudgins,* of
counsel.

1. The court erred in dismissing the petition and
refusing an appeal. Art 7, § 33, Const.; *Ib.* Art. 7, § 114;
Kirby's Dig. § § 1487, 3006, 1492; 53 Ark. 417; K. & C.
Dig. § 8988.

2. Although the Act (No. 422, Acts 1911), makes a
provision for an appeal the right exists under the con-
stitution and general statutes. 90 Ark. 219; 95 *Id.* 385;
117 *Id.* 4. Appellant was a party to the record and ag-
grieved.

*Shouse & Rowland* and *Guy L. Trimble,* for appel-
lee.

The appeal was properly dismissed. Appellant
was not a party and the appeal was not properly taken
as the statute was not complied with. 53 Art. 417; K.
& C. Dig. § 1303; 85 Ark. 304; 2 Cyc. 633; Acts 1911, K.
& C. Dig. § 8988; Kirby's Digest, § § 1487, 3006.

SMITH, J. The county court of Boone County made
an order establishing a road through the lands of appel-
lant. He filed a remonstrance in the county court to the
opening of the road on the ground that it would not be
of sufficient importance to warrant the county in making

the necessary expenditure of money to build and maintain the road. An appeal was prosecuted to the circuit court from the order opening the road and assessing the damages, and there the petitioners for the road moved the court to dismiss the appeal insofar as it applied to the order of the county court opening the road. This motion was sustained, and this appeal has been prosecuted to review that order. The proceeding in this case was had under section 1 of Act 422 of the Public Acts of 1911, page 365.

(1) It is first insisted that the appeal was properly dismissed because appellant was not a party aggrieved within the meaning of the law. But that contention can not be sustained. Appellant made himself a party to the record in the county court and he was, therefore, entitled to appeal from an adverse decision. *Sloan* v. *Lawrence County,* 134 Ark. 121.

As a citizen and taxpayer he had the right to be made a party to the proceeding in the county court. *Lee County* v. *Robertson,* 66 Ark. 83, 87; *Casey* v. *Independence County,* 109 Ark. 11, 17; *Nemier* v. *Bramlett,* 103 Ark. 209; *School Dist. No.* 44 v. *Rural Special School Dist. No.* 10, 128 Ark. 383; *Ward* v. *Wilson,* 127 Ark. 266; *Rust* v. *Kocourek,* 130 Ark. 39.

Moreover, he had the special interest in this litigation that the land taken would revert to him if the order of the county court establishing the road was set aside. The decision of this court in the case of *Brown* v. *Frenken,* 87 Ark. 160, turned upon the right of the appellant to appeal, and in defining party aggrieved the court there said:

" 'A party aggrieved is one whose pecuniary interest is directly affected by the decree or one whose right of property may be established or divested by the decree.' *Wiggins* v. *Sweet,* 6 Met. 197. The party aggrieved is the person who would have had the property if the judgment alleged to be erroneous had not been rendered. *Adams* v. *Woods,* 8 Cal. 306; *Veazie Bank* v. *Young,* 53 Maine 560; *Betts* v. *Shotton,* 27 Wis. 667; *Case of Koch's*

*Estate,* 4 Rawle (Pa.) 267; *Jenkins* v. *International Bank,* 97 Ill. 568.''

It is insisted, however, that the section under which this proceeding was had provides only for an appeal from the order of the court assessing the damages and makes no provision for an appeal from the order of the court establishing the road. Such appears to be the fact. But appellant is not thus deprived of his right of appeal. A similar contention was made in the case of *Huddleston* v. *Coffman,* 90 Ark. 219. That was an appeal from an order of the county court fixing the fee of an attorney who had represented petitioners in the establishment of a drainage district. It was said that section 1428 of Kirby's Digest, which was a part of the drainage act under which that proceeding was had, specifically enumerated the matters from which an appeal could be taken from the county court to the circuit court, and omitted to name, among the matters from which an appeal might be prosecuted, the allowance of attorney's fees. But, in disposing of that question, the court said that section 14, article 7, of the Constitution provides that circuit courts shall exercise appellate jurisdiction over county courts and other designated courts and that a right of appeal from the order of the county court in question existed and ''that right not having been conferred in the matter of allowing attorney's fees by the Drainage Act, it could be exercised under the general acts governing appeals from county courts.'' So the right of appeal existed here and should have been permitted under section 1487 of Kirby's Digest.

(2) It is pointed out, however, that even though the right of appeal did exist under this section of the statute the requirements of that statute were not complied with, in that no affidavit for appeal was made. This point appears to be well taken, and the appeal from the county court was, therefore, properly dismissed, and the judgment of the circuit court to that effect will accordingly be affirmed.