THE FIRST PYRAMID LIFE INSURANCE
COMPANY OF AMERICA *v.* TED REED ET AL

5-5090 449 S. W. 2d 178
[Rehearing denied February 16, 1970.]

*W. B. Brody,* for appellant.

*Lightle & Tedder,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal comes from a circuit court judgment affirming that part of a county court judgment entered on February 7, 1967, in which it was found that a strip of land 50 feet in width and about 156 feet long in Country Club addition on Eden Island was a previously dedicated public road. In it the county court accepted this tract as a portion of the county road system. The judgment was entered in a proceeding instituted by appellees on October 13, 1966, by filing a pleading entitled "Petition to open County Road." On the same date certain of the appellees published notice dated October 6, 1966, stating that the petition would be filed on October 13. In this petition it was alleged that this strip had been used for a time as an access road to Sunset Addition on Eden Island but was later barricaded so that it could not be so used. It was also alleged that there had been an agreement between the developers of Sunset Addition (owned by one of appellees) and Eden Isle Development Corporation (owned by appellant) that an access road in this area would be made available and that no other reasonable means of access was available to the petitioners. Additional statements in the petition asserted that it was necessary and in the public interest that this road be opened and that the court declare this to be a county road. Appellees prayed for an order laying out and dedicating the "access way" described as a county road.

Appellees ask that we dismiss the appeal because appellant failed to file its prayer for appeal, affidavit for appeal and complaint in the circuit court within 10 days following the entry of the county court order or before the expiration of the term of the county court at which it was rendered. This objection to jurisdiction was first raised in this court. It is not necessary that we determine whether this omission was fatal to jurisdiction as we held in *Drainage District No. 7 v. Stuart*, 104 Ark. 113, 147 S. W. 460, or was waived by appellees' appearance in the circuit court, taking substantive steps without moving in that court to dismiss the appeal as

we held in *J. R. Wulff* v. *Davis,* 108 Ark. 291, 157 S. W. 384. We find that one of appellant's four points for reversal requires disposition of this case for a jurisdictional defect fatal to the original proceeding. When the court in which the action is filed has no jurisdiction, the appellate court should dismiss the whole case for want of jurisdiction. *Pendleton* v. *Fowler,* 6 Ark. 41; *Fitzgerald* v. *Beebe,* 7 Ark. 305, 46 Am. Dec. 285; *School District No.* 11 v. *Williams,* 38 Ark. 454; *Smyrna Baptist Church* v. *Burbridge,* 205 Ark. 108, 167 S. W. 2d 501. The circuit court judgment must be reversed and the proceeding dismissed for want of jurisdiction in the county court, so we only discuss appellant's point raising the jurisdictional question.[1] This point, raised below, is based upon the fact that only six persons joined in the original petition.

Arkansas Statutes Annotated § 76-902 (Repl. 1957) requires that a petition to open a county road be signed by at least 10 freeholders of the county. This is a proceeding provided by Ark. Stat. Ann. §§ 76-901—915 (Repl. 1957) (parts of Act 26 of 1871, as amended).[2]

[1]While the circuit court tried the case de novo, its jurisdiction on appeal was dependent upon county court jurisdiction, and no greater than that of the latter court. *Carter Special School District* v. *Hollis Special School District,* 173 Ark. 781, 293 S. W. 722. The circuit court could render only such judgment as the county court could have rendered. *Price* v. *Madison County Bank,* 90 Ark. 195, 118 S. W. 706. The jurisdiction of this court is also dependent upon the county court jurisdiction, so our discussion of other points would not be of any consequence and would constitute an advisory opinion merely.

[2]That this proceeding was brought under these sections is beyond question. In appellant's "Complaint" filed in the circuit court it was alleged that: notice of the petition was given pursuant to §§ 76-902 and 904; the proposed road was described pursuant to § 76-903; bond was given by appellant pursuant to § 76-902; viewers were appointed by the county court pursuant to § 76-905, by an order pursuant to § 76-907; notice was given pursuant to § 76-908; viewers laid out the road and assessed damages pursuant to §§ 76-907, 909 and 910 and filed their report pursuant to § 76-911; the county court established the road pursuant to §§ 76-912 and 913. These allegations were admitted by appellees. Even in the absence of these admissions, the validity of these allegations is clearly

The county court can only acquire jurisdiction of a proceeding under these sections when there is strict compliance with the requirements of the act relating to the signing of the petition. *Rust* v. *Kocourek,* 130 Ark. 39, 196 S. W. 938; *Polk* v. *Road Improvement District No. 2,* 123 Ark. 334, 185 S. W. 453; *Howard* v. *State,* 47 Ark. 431, 440, 2 S. W. 331. Since this was not the case here, neither the county court, the circuit court nor this court has jurisdiction to pass upon the merits of the case.

---

demonstrated by an examination of the record, which discloses that every step prior to the county court order follows these sections explicitly.