Joseph L. PERRY, Jr. *v.* LEE COUNTY

CA 99-1045

25 S.W.3d 443

Court of Appeals of Arkansas
Division I
Opinion delivered September 13, 2000

*Appellant,* pro se.

No response.

JOSEPHINE LINKER HART, Judge. Six landowners filed a petition in the Lee County Court seeking to vacate a county road. Appellant, Joseph L. Perry, Jr., and several others, objected to the petition. The county court entered an order vacating the road on May 28, 1998. Appellant filed on November 25, 1998, a notice of appeal in the Lee County Court and filed on December 8, 1998, a notice of appeal in the circuit court. Appellant appealed from the

county court to the circuit court pursuant to two statutes, specifically Ark. Code Ann. § 16-67-201(a) (1987) [1] and Ark. Code Ann. § 14-298-116(a) (1987)[2] Arguing before the circuit court, appellant noted that only six freeholders signed the petition to vacate the county road, while the statute specifically required that ten freeholders sign the petition. *See* Ark. Code Ann. § 14-298-103(a) (1987)[3] and Ark. Code Ann. § 14-298-117(a) (1987).[4] The circuit court ruled that appellant's appeal to the circuit court was untimely. The court further ruled that the county court properly vacated the road pursuant to Ark. Code Ann. §§ 14-18-105 to -109 (Repl. 1998). We reverse and dismiss.

■ We disagree with the circuit court's conclusion that Ark. Code Ann. §§ 14-18-105 to -109 (Repl. 1998), apply to the facts of this case. The question presented to the county and circuit courts involved the vacation of a county road, a procedure which is specifically governed by Ark. Code Ann. § 14-298-103 (1987), and

---

[1] The section provides:

> Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court relating to any bond issue at any time within thirty (30) days after the rendition of the final orders and judgments and from all other final orders and judgments of the county court at any time within six (6) months after the rendition thereof, either by the court rendering the order or judgment or by the clerk of the circuit court of the proper county, with or without supersedeas, as in other cases at law, by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken.

[2] The section provides:

> An appeal from the final decision of the county court for a new county road or for vacating, altering, or reviewing any county road shall be allowed to the circuit court; notice of the appeal is given by the appellant during the same term of the county court at which the decision was made." Pursuant to Ark. Code Ann. § 16-15-101(a) (Repl. 1999), "The regular terms of the county courts of the several counties of this state shall commence on the first Mondays in January, April, July, and October of each year.

[3] The section provides:

> All applications for laying out, viewing, reviewing, altering, or vacating any county road shall be by petition to the county court, signed by at least ten (10) freeholders of the county.

[4] The section provides:

> When any county road, or any part of any county road, shall be considered useless, any ten (10) citizens residing in that portion of the county may make application by petition agreeable to § 14-298-124 to the county court to vacate the road, setting forth in the petition the reason why the road ought to be vacated, which petition shall be publicly read at a regular session of the county court, with the proof of notice and publication required by this chapter. No further proceedings shall be had thereon until the next regular session of the court.

Ark. Code Ann. § 14-298-117 (1987). The statutes relied on by the circuit court concern vacation of streets in platted lands outside municipalities. Thus, the circuit court erred as a matter of law in applying these statutes to the facts at hand.

While, arguably, the circuit court was correct in concluding that appellant's appeal was untimely, we do not address that issue. In a case involving similar facts, *First Pyramid Life Ins. Co. v. Reed*, 247 Ark. 1003, 449 S.W.2d 178 (1970), appellees asked that the Arkansas Supreme Court dismiss the appeal because appellant failed to timely perfect its appeal to circuit court. The court, however, concluded that it was not necessary to determine whether this omission was fatal to the circuit court's jurisdiction. Rather, the court held that a petition to open a county road must be signed by at least ten freeholders of the county and that the county court can only acquire jurisdiction of a proceeding when there is strict compliance with the requirements of the statutes relating to the signing of the petition to open a county road. Because only six freeholders signed the petition, the court concluded that neither the county court, the circuit court, nor the Arkansas Supreme Court had jurisdiction to pass upon the merits of the case and reversed and dismissed the case.

As in *First Pyramid*, because the petition to vacate the road did not contain the signatures of at least ten freeholders of the county, there was not strict compliance with the statutes. Again, as in *First Pyramid*, the county court can only acquire jurisdiction of a proceeding under these sections when there is strict compliance with the requirements of the statutes relating to the signing of the petition. Because of the failure to strictly comply with the applicable statutes, the county court did not acquire jurisdiction of the case, and neither the circuit court nor this court can pass upon the merits of the case. Therefore, we reverse and dismiss.

Reversed and dismissed.

JENNINGS and GRIFFEN, JJ., agree.