Cite as 2025 Ark. App. 231

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-96

| | |
|---|---|
| ROBERTA STUDDARD AND MELISSA HODGE | Opinion Delivered April 16, 2025 |
| APPELLANTS | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03CV-20-198] |
| V. | |
| BONNIE HEENAN, AS ADMINISTRATRIX OF THE ESTATE OF JOHN P. HEENAN; AND BONNIE HEENAN, INDIVIDUALLY | HONORABLE JOHNNIE A. COPELAND, JUDGE |
| APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Roberta Studdard and Melissa Hodge (collectively, "the Appellants") appeal following a Baxter County Circuit Court bench trial finding in favor of Appellees, Bonnie Heenan, as the administratrix of the estate of John Heenan; and Bonnie Heenan, individually (collectively, "the Appellees"). On appeal, the Appellants argue the circuit court erred (1) in finding the roadway at issue is a county road; (2) in finding the appellees had a prescriptive easement over the roadway; (3) in finding the appellees had an easement by estoppel over the roadway; and (4) in not finding the public road abandoned under Arkansas Code Annotated section 18-61-101 (Repl. 2015). We affirm.

Appellee Bonnie Heenan is John Heenan's widow and the administratrix of his estate. The Heenans resided in Baxter County, Arkansas, at the time of Mr. Heenan's death and

owned 315 acres of land in the area. The Heenans owned this land before moving to Baxter County in 2006 and, beginning in the 1960s, used a roadway known as County Road 701/Peace Valley Lane ("CR701/Peace Valley Lane") to access a portion of their land that was inaccessible by a motor vehicle from other routes. Over the last sixty years, the Heenans have used the land to raise cattle, hunt, fish, and engage in other recreational activities.

In 2006, then County Judge Dan Hall issued an order concerning the status of CR701/Peace Valley Lane as a county road. At the time, plat surveys of the area demonstrated that CR701 ended at the private property now owned by the Appellants. The surveys showed that once the roadway reached the Appellants' property, the road became a private road called "Peace Valley Lane." The 2006 order reflected that CR701 and Peace Valley Lane were separated by a gate and ordered that gate removed. The 2006 order designated Peace Valley Lane as a county road to give other landowners and emergency services access to neighboring portions of land that were otherwise inaccessible by motor vehicle. The status of CR701/Peace Valley Lane as a county road was further confirmed in a 2012 order from the County Court of Baxter County.

In 2010, the Appellants purchased the property that Peace Valley Lane runs through. Following their purchase of the land, the Appellants began placing gates along the roadway that were either padlocked or required an entrance code. During Mr. Heenan's lifetime, the Appellants provided him with entrance codes so he could access his property. However, in 2019, Mr. Heenan passed away and the Appellants placed a new gate along the southern portion of CR701/Peace Valley Lane where they owned both sides of the roadway. The

Appellants would not provide Mrs. Heenan with the entrance code to the gate and further prevented her from accessing the property by placing boulders and trees across the entrance to the Heenan property and digging a trench. The Appellants' counsel sent Mrs. Heenan a letter stating the Heenans' use of the roadway over the years had been permissive, and that permissive use ended with the death of Mr. Heenan.

On July 24, 2020, Mrs. Heenan, in her individual capacity and as the administratrix of the John P. Heenan estate, filed suit against the Appellants for prescriptive easement and other relief. In her complaint Mrs. Heenan alleged she has a prescriptive easement and an easement by estoppel over CR701/Peace Valley Lane and that CR701/Peace Valley Lane is a county road.

On April 11, 2023, a bench trial was held in the Baxter County Circuit Court. Mrs. Heenan testified she and her husband had been accessing their property through the disputed roadway, with or without gates, since 1961. Mrs. Heenan testified that her husband visited the property "every day" once the couple moved to Baxter County. When questioned about her own use of the property, Mrs. Heenan stated she had not visited the property in eight years because she had been caring for her one-hundred-year-old mother. Mrs. Heenan admitted that Mr. Heenan acquired gate codes from the Appellants to access the property but asserted neither she nor her husband ever believed they needed the Appellants' permission to use the road because it is a county road. Mrs. Heenan further explained that there was a route to access the Heenan property other than CR701/Peace Valley Lane. She referred to this route as a "pig trail" not equipped for a motor vehicle.

3

Former County Judge Dan Hall testified next.  Hall testified he is familiar with the property in dispute and spoke of the order he entered in 2006.  That order states the following in relevant part:

> County road 701 will remain a county road and include the portion going to the Reed property as shown on the 9-1-1 drive guide maps and Peace Valley Lane [formerly the north extension of county road 701] does not lose its county road designation.  Peace Valley Lane continues to be a county road to the point where it intersects with the Burl Reed Property parcel #001-07963-000.

Hall testified, "I described the public nature of that road all the way back to the Heenan property."  While Judge Hall admitted the 2006 order could be read as the order ending at the Burl Reed Property, he stated, "[I]t doesn't rule out it going further than that."

Deborah Carlson, the Heenans' daughter, testified next.  She testified to visiting the property with her father often but did not recall there ever being a gate on the roadway.  Carlson testified she was aware a gate was placed on the roadway at some point and that Mr. Heenan had the combination to the gate.

Finally, Appellant Roberta Studdard testified.  Studdard testified she had lived at 551 Peace Valley Lane since 2010 and in 1998 had acquired the property that CR701/Peace Valley Lane intersects.  She testified Mr. Heenan never complained about the gate and once stated "I wonder what the county will do?" in reference to the roadway when he came to obtain the gate combination from her.

The circuit court found in favor of the Appellees and granted them a prescriptive easement and an easement by estoppel and found that CR701/Peace Valley Lane remains a

4

county road to the point at which it meets the Appellees' northernmost property along the roadway until such is properly vacated by the county in accordance with Arkansas law.

Appellate courts review appeals from bench trials, including declaratory judgments, under the clearly erroneous standard. *Poff v. Peedin*, 2010 Ark. 136, at 6, 366 S.W.3d 347, 350. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *MacKool v. State*, 2012 Ark. 287, 423 S.W.3d 28.

This court gives great deference to a circuit court's findings of fact and is mindful that the circuit court is in the best position to hear testimony and determine the credibility of the witnesses. *Save Energy Reap Taxes v. Shaw*, 374 Ark. 428, 435, 288 S.W.3d 601, 604 (2008). It is this court's duty to reverse if its own review of the record is in marked disagreement with the circuit court's findings. *Dopp v. Sugarloaf Mining Co.*, 288 Ark. 18, 702 S.W.2d 393 (1986) (citing *Rose v. Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984); *Walt Bennett Ford v. Pulaski Cnty. Special Sch. Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981)).

The Appellants first argue that the circuit court's determination that Peace Valley Lane is a county road is clearly erroneous. Specifically, the Appellants argue that no evidence was presented to the circuit court that Peace Valley Lane was dedicated as a county road, and the testimony of former County Judge Dan Hall is insufficient to establish a county road through prescription.[1] We disagree.

---

[1] The Appellants assert, "This case revolves around whether either the Heenan Appellees or Baxter County have an established easement right to use a part of the roadway

A public road may be established by judgment of the county court, by voluntary dedication, or by prescription. *Burley v. Bradley*, 2021 Ark. App. 105, 619 S.W.3d 49. In the present case, the Appellants are correct that dedication and prescription are not present. The circuit court based its ruling on the testimony of former County Judge Dan Hall, who testified to the contents of the 2006 order. Hall's testimony, coupled with the 2006 order, demonstrates that CR701/Peace Valley Lane is a county road and was designated a county road by judgment of the county court in the 2006 order and again in 2012. While the Appellants attack Hall's testimony as insufficient to establish prescription, they fail to address why the 2006 order would not be subject to statutes governing proper abandonment of a public county road under the law.

In Arkansas, when any county road or any part of any county road is considered useless, any ten citizens residing in that portion of the county may make application by petition to the county court to vacate the road, setting forth in the petition the reason why the road ought to be vacated. Ark. Code Ann. § 14-298-117(a)(1) (Supp. 2023). The petition shall be publicly read by the county court at the hearing on the petition, with proof of notice and publication. *Id.* § 14-298-117(a)(2). Our courts have held there must be strict compliance with the statutes for vacation of a county road. *Perry v. Lee Cnty.*, 71 Ark. App. 47, 49, 25 S.W.3d 443, 445 (2000). The record in this case is absent of any evidence that

known as 'Peace Valley Lane'"; however, Baxter County is not a party to this case, and whatever property rights Baxter County has over the land at issue is not properly before this court.

6

proceedings were initiated to vacate the county road, and in fact, both parties state it is undisputed that notice was never given to either party that the road was being vacated or abandoned as a county road.

It cannot be said the circuit court clearly erred in affording great weight to the testimony of a former county official, whose function as judge largely involved the management and operation of the county-road department. This court gives great deference to the circuit court's findings of fact, given the circuit court is in the best position to hear the testimony and determine the credibility of witnesses. *See Burley*, 2021 Ark. App. 105, at 8, 619 S.W.3d at 55. Therefore, we hold the circuit court did not clearly err in finding that CR701/Peace Valley Lane is a county road. Further, because we hold that CR701/Peace Valley Lane is a county road, we need not address the issue of whether appellees have a prescriptive easement or an easement by estoppel.

Finally, the Appellants argue that any public claim to the portion of CR701/Peace Valley Lane at issue in this case was abandoned under Arkansas Code Annotated section 18-61-101. However, this argument is not preserved for our review. The Appellants did not raise this argument in the pleadings or at the bench trial and did not obtain a ruling from the circuit court. This court will not address arguments raised for the first time on appeal. *See Rice v. Seals*, 2010 Ark. App. 393, 377 S.W.3d 416.

Affirmed.

HARRISON and TUCKER, JJ., agree.

*Jeremy B. Lowrey*, for appellants.

*Landon T. Sanders* and *Marcus L. Vaden*, for appellees.