Cite as 2026 Ark. App. 3

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-24-537

| | |
|---|---|
| | Opinion Delivered January 7, 2026 |
| FLYWHEEL ENERGY PRODUCTION, LLC <br> APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71CV-23-136] |
| V. | HONORABLE SUSAN WEAVER, JUDGE |
| VAN BUREN COUNTY, ARKANSAS; AND VAN BUREN COUNTY JUDGE DALE JAMES, IN HIS OFFICIAL CAPACITY AS VAN BUREN COUNTY JUDGE <br> APPELLEES | REVERSED AND DISMISSED |

**CASEY R. TUCKER, Judge**

Appellant, Flywheel Energy Production, LLC ("Flywheel"), is an energy company engaged in the business of oil and gas exploration and production. Appellees are Van Buren County, Arkansas; and its duly-elected county judge, Dale James (the "County"). Flywheel has appealed the Van Buren County Circuit Court's (1) order granting the County's motion to dismiss Flywheel's complaint appealing Van Buren County Court order 2023-04, which declared that Odom Point Road is a county road; and (2) "deemed" denial of Flywheel's motion for reconsideration. We reverse the circuit court's order granting the County's motion to dismiss and its denial of Flywheel's motion for reconsideration, and we dismiss the case for lack of jurisdiction.

On April 22, 2008, SEECO, Inc. ("SEECO"), acquired a road easement and right of way (the "Easement") from the Hugh and Helen Brown Revocable Trust (the "Brown Trust"). The Easement granted SEECO the right to utilize a fifty-foot-wide easement for the construction, use, and maintenance of a road across and through certain real property owned by the Brown Trust. Pursuant to the Easement, SEECO constructed the private access road now known as Odom Point Road. Flywheel asserts that it is SEECO's successor in interest with respect to the Easement.

On June 28, 2022, the Brown Trust sold plots of property along Odom Point Road to fifteen individuals (the "Purchasers"), who filed a petition in the Van Buren County Court to bring Odom Point Road into the county-road system. On October 18, 2022, the County granted the Purchasers' petition and issued Van Buren County Court Order 2022-108 bringing Odom Point Road into the County Road System ("Order 2022-108").

On May 26, 2023, counsel and representatives for Flywheel met with Judge James and the county attorney. Following that meeting, Judge James entered Van Buren County Court Order 2023-83 ("Order 2023-83"), which set aside Order 2022-108 and specifically found that "the petition requirements were not met" and that "Odom Point Road is NOT a county road."

2

After issuing Order 2023-83, Judge James spoke with one of the Purchasers, Lance Reynolds, and after that meeting, he issued Van Buren County Court Order 2023-89[1] ("Order 2023-89"), which provided the following in pertinent part:

> WHEREAS: Odom Point Road was previously petitioned into the County Road System as recorded in Van Buren County Court Order #2022-108; and
>
> WHEREAS: Odom Point Road was removed from the County Road System with Court Order #2023-83 less than 30 days ago; and
>
> WHEREAS: pursuant to Arkansas Code Annotated 14-298-117, a public hearing shall be conducted before making a final determination for removal.
>
> NOW, THEREFORE, ORDER BY THE COUNTY COURT OF VAN BUREN COUNTY, ARKANSAS, THAT:
>
> COURT ORDER #2023-83 shall be hereby rested for a period of 30 days to allow time for a public hearing upon which a final determination will be made concerning Odom Point Road.

Notice of the public hearing was printed in the newspaper as a hearing request for the removal of Odom Point Road as a county road, with the hearing to be held on July 17, 2023, at 10:00 a.m. Counsel for Flywheel, Jim Rankin; four Purchasers—Steven Hollowell, Lance Reynolds, Mike LaGasse, and Ryan Watson; and realtor Meagan Murray were present and spoke at the public hearing. Before any statements were made by any of the participants at the hearing, Judge James provided the history behind the issuance of the three prior orders, and stated specifically:

---

[1]Order 2023-83 was dated June 16, 2024, while Order 2023-89 was dated June 7, 2023, but there was clearly a scrivener's error with respect to the correct date on one of the orders.

The county judge reviewed the law concerning vacating county roads, and determined that due process was, in fact, not granted on this issue, and filed Court Order 2023-89 to set aside the order for a period of thirty days to allow for a public hearing.

Which brings us to today. Notice of public hearing was made both verbally to Flywheel and to Mr. Reynolds, and it was printed in the July 12th edition of the Van Buren County Democrat. And looking at the crowd today, I think the word got out. So first we'll call Jim Rankin.

Rankin explained that what is now Odom Point Road was subject to SEECO's— now Flywheel's—Easement and provided an exhibit reflecting that the Easement was filed in the real estate records of Van Buren County. Rankin introduced the warranty deed filed on July 13, 2022, pursuant to which the Brown Trust conveyed the subject property to businesses owned by the Purchasers along with the petition filed by the Purchasers for Odom Point Road to be taken into the county road system. He stated that the only description for that road on the petition provides that it is "[o]ff of Scroggins Creek Road." Rankin acknowledged that while the statutorily required ten signatures were on the petition, there was no record of publication in the newspaper before Order 2022-108 was entered and no record of any notice to Flywheel. He argued that Order 2023-83, which was issued to void Order 2022-108 for failure to follow statutory procedure, was a valid order without the necessity of further hearing. Rankin stated specifically:

It's Flywheel's position is that that order is in fact valid, because the previous order was entered on a facially invalid petition. State statute requires that the contents of a petition for any road laying out a county road shall specify the place of beginning, the intermediate points, and, if any, the place of termination. On the face of that petition it does not do that. State statute 14-298-102 requires that notice be provided and published before any petition for a county road can be considered, and State statute 14-298-108 requires the

4

person submitting the petition to provide at least 30 days notice to the landowner. In this case that was Flywheel.

The Purchasers testified generally about how they purchased the property with the understanding that Odom Point Road was a county road and that it would have to be maintained as a county road for them to be able to fully use and enjoy their property.

Judge James issued his ruling at the conclusion of the hearing and then issued Van Buren County Court Order 2023-04 ("Order 2023-04") as follows:

(1). On October 18, 2022, the County Court of Van Buren County, Arkansas, entertained the petition of Mike Lagasse and Lance Reynolds to accept Odom Point Road into the county road system for perpetual maintenance by Van Buren County, Arkansas. Odom Pont Road met the road standards and requirements of Van Buren County, Arkansas. The Court entered County Court Order No. 2022-108 of record in the County Court Book, Book GG page 366, the records of the Van Buren County Court.

(2). Since October 18, 2022, Van Buren County has maintained the subject road accepted by the Van Burn County Court as a public road.

(3). On or about May 26, 2023, representative of Flywheel Energy, LLC approached the Court and sought for the Court to set aside Court Order No. 2022-108. No petition was filed pursuant to Ark Code § 14-298-117 by the requisite 10 citizens residing in the subject portion of the county seeking to vacate Odom Point Road as a public road.

(4). The Court has since entered two orders, Order No. 2023-83 and 2023-89, determining whether to set aside Court Order No. 2022-108.

(5). On July 17. 2023, the Court held the subject hearing, following public notice for purposes of determining whether to set aside Court Order No. 2022-108. It remains that no petition was filed pursuant to Ark Code § 14-298-117 by the requisite 10 citizens residing in the subject portion of the county seeking to vacate Odom Point Road as a public road.

(6). The Court FINDS the arguments of Flywheel Energy, LLC, duly recorded by a court reporter to be without factual or legal basis. Flywheel Energy, LLC

5

provided no legal authority by which the County Court of Van Buren County legally could or should enter an order vacating Odom Pont Road as a County Road in Van Buren County, Arkansas.

(7). The request of Flywheel Energy, LLC seeking the County Court of Van Buren County to vacate Odom Point Road as a county road in Van Buren County, Arkansas, is hereby denied. This Court Order shall be duly filed of record and a file-marked copy provided to all landowners who appeared at the public hearing and Jim Rankin on behalf of Flywheel Energy, LLC

IT IS SO ORDERED.

On August 18, 2023, Flywheel filed a complaint against appellees appealing Order 2023-04. The complaint alleges that Judge James ignored state law when he entered Order 2023-04 because Order 2022-108 was void. Flywheel contended it was not required to take any action to vacate the void order declaring Odom Point Road as a county road. The County filed a motion to dismiss, arguing that Order 2022-108 was a final order that was not appealed and had the effect of bringing Odom Point Road into the county road system. In the motion to dismiss, the County further stated the only way to invalidate Order 2022-108 was to petition the County to vacate the road pursuant to Arkansas Code Annotated section 14-298-117, and because Flywheel did not file a petition to vacate the road, its complaint must be dismissed.

On April 16, 2024, the Van Buren County Circuit Court heard arguments on the motion to dismiss. By order dated May 21, 2024, the court granted the County's motion to dismiss. The court found that (a) Odom Point Road was declared a county road on October 18, 2022, under Order 2022-108; (b) Flywheel did not appeal Order 2022-108; and (c) Flywheel's only option to vacate Odom Point Road as a county road was to file a petition to

6

vacate following the process outlined in Arkansas Code Annotated section 14-298-117, which it did not do.

On May 24, 2024, Flywheel filed a motion for reconsideration, which was not ruled on by the court. After thirty days, the motion for reconsideration was deemed denied. Ark. R. App. P.–Civ. 4(b)(1). Flywheel now appeals, challenging both the court's dismissal of its complaint and the court's denial of its motion for reconsideration.

When ruling on the merits of an appeal, we must first determine if we have subject-matter jurisdiction of the case before us. *Skelton v. City of Atkins*, 317 Ark. 28, 875 S.W.2d 504 (1994). When the circuit court lacks subject-matter jurisdiction, the appellate court also lacks jurisdiction. *First Pyramid Life Ins. Co. v. Reed*, 247 Ark. 1003, 449 S.W.2d 178 (1970). Accordingly, the question of subject-matter jurisdiction is one that this court is obligated to raise on its own even if the parties do not raise it. *Id.*

In *First Pyramid*, the appellee argued that the appeal should be dismissed because the appellant failed to timely perfect its appeal of a county order to circuit court before appealing the circuit court's resulting order to the supreme court. The supreme court concluded that it was not necessary to determine whether this omission was fatal to the circuit court's jurisdiction because "[w]hen the court in which the action is filed has no jurisdiction, the appellate court should dismiss the whole case for want of jurisdiction." *Id.* at 1005, 449 S.W.2d at 179. *First Pyramid* held that by statute, a petition to open a county road must be signed by at least ten freeholders of the county and that the county court can acquire jurisdiction of a proceeding only when there is strict compliance with that requirement.

7

Because only six freeholders signed the petition, strict compliance with the statute was lacking. Consequently, the supreme court declared that "neither the county court, the circuit court, nor the Arkansas Supreme Court had jurisdiction to pass upon the merits of the case." *Id.* at 1006, 449 S.W.2d at 179. Consequently, the lower court proceedings were reversed and dismissed. *Id.*

This court considered a similar appeal in *Perry v. Lee County*, 71 Ark. App. 47, 25 S.W.3d 443 (2000), concerning an objection to a petition seeking to vacate a county road. Although only six landowners filed the petition, the county court entered an order vacating the road on May 28, 1998. Perry filed a notice of appeal in the county court on November 25, 1998, and filed a notice of appeal in the circuit court on December 8, 1998. Perry argued to the circuit court that only six freeholders signed the petition to vacate the county road—less than the ten specifically required by Ark. Code Ann. § 14-298-103(a) (1987). The circuit court ruled that Perry's appeal to the circuit court was untimely and that the county court properly vacated the road pursuant to the relevant statutes. We reversed and dismissed, citing *First Pyramid*:

> [B]ecause the petition to vacate the road did not contain the signatures of at least ten freeholders of the county, there was not strict compliance with the statutes. Again, as in *First Pyramid*, the county court can only acquire jurisdiction of a proceeding under these sections when there is strict compliance with the requirements of the statutes relating to the signing of the petition. Because of the failure to strictly comply with the applicable statutes, the county court did not acquire jurisdiction of the case, and neither the circuit court nor this court can pass upon the merits of the case. Therefore, we reverse and dismiss.

*Id.* at 49, 25 S.W.3d at 445.

8

The circuit court's jurisdiction was dependent on the county court's jurisdiction such that the circuit court could render only such a judgment as the county court could have rendered. *See First Pyramid, supra.*

In its brief, the County recognizes there are three ways the county judge asserts his authority to designate and open county roads: (1) landowner dedication; (2) condemnation procedures; or (3) by order of the county judge, after notice, declaring a mail route or school bus route. *Ark. Game & Fish Comm'n v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987). It is the County's position that Odom Point Road became a county road under condemnation procedures pursuant to Ark. Code Ann. section 14-298-121(a)(3). We disagree.

At the public hearing on July 17, 2023, Judge James began the hearing by making a brief statement: "So, in October the office of the Van Buren County Judge was presented with an official request from Lance Reynolds to take Odom Point Road into the county road system. A petition of at least ten signatures was provided . . . ."

Judge James acknowledged that Odom Point Road became a county road in response to a landowner-dedication petition, not a condemnation proceeding.[2]

Thus, in determining subject-matter jurisdiction, we must address whether the County strictly complied with the landowner-dedication statutes as set forth in Arkansas Code Annotated sections 14-298-102 to -104 (1987) prior to issuing Order 2022-108. These

---

[2]At the motion-to-dismiss hearing before the circuit court, condemnation was merely mentioned by appellees as one means by which a road could be brought into the county road system.

sections address notice requirements; and authority and parameters for establishment, alteration, and vacation of county roads along with description requirements. Section 14-298-102(a) provides: "Previous to any petition being presented for a county road, or for the alteration or vacation of a county road, notice thereof shall be given by publication in some newspaper, published in the county, if one exists." Section 14-298-103(a) requires that "[a]ll applications for laying out, viewing, reviewing, altering, or vacating any county road shall be by petition to the county court, signed by at least ten (10) freeholders of the county." Section 14-298-104 states: "All petitions for laying out, altering, or vacating any county road shall specify the place of beginning, the intermediate points, if any, and the place of termination of the road."

In the case before us, the County failed to publish notice of the petition as required in section 102. Nor did the petition include a "place of beginning, the intermediate points, if any, and the place of termination of the road" as required by section 104. The undated petition simply stated "off of Scroggins Creek Road" as its description. Clearly, the statutory requirements before accepting a petition under section 103 were not strictly complied with.

Concerning any argument the County may have as to whether Flywheel has standing, our supreme court has held that "a citizen and taxpayer has a right to be made a party to the proceedings in the county court and to appeal from an adverse ruling of the county court relative to the vacation, alteration, or establishment of roads." *Hill v. McClintock*, 175 Ark. 1059, 1062, 1 S.W.2d 564, 565 (1928) (citing *Johnson v. West*, 89 Ark. 604, 117 S.W. 770 (1909); *McMahan v. Ruble*, 135 Ark. 83, 204 S.W. 746 (1918)). Flywheel has standing.

*First Pyramid* and *Perry* mandate our holding. In the county court proceeding, the county court lacked jurisdiction to declare Odom Point Road as a county road in Order 2022-108, and the circuit court lacked any authority to affirm or deny that conclusion. Accordingly, we lack subject-matter jurisdiction to rule on the motion to dismiss or any further proceedings in this matter. We hold that the circuit court had no jurisdiction to adjudicate this case; accordingly, we dismiss the case entirely.

Reversed and dismissed.

ABRAMSON and HARRISON, JJ., agree.

*PPGMR Law, PLLC*, by: G. *Alan Perkins*, *James D. Rankin III*, and *Forrest C. Stobaugh*, for appellant.

*Chad J. Brown*, Van Buren County Attorney, for appellees.